IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

IN MAY TERM, IN THE THIRTY-THIRD YEAR
OF OUR INDEPENDENCE.

COLE, *qui tam*, &c. *against* SMITH.

Cole
v.
Smith.

THE declaration in this case was as follows :

" City and county of *New-York*, ss. *Jonathan Cole*, plaintiff in this suit, who sues as well, &c. complains against *Edward A. Smith*, being in custody, &c. For that whereas the said defendant, on the first day of *May*, in the year of our Lord, one thousand eight hundred and four, at the city of *New-York*, at the first ward of the said city, and within the county aforesaid, became, and was indebted to the said plaintiff, in a large sum of money, to be paid upon request, to wit, in the sum of five hundred dollars, lawful money of the *United States* of *America*, for money, by the said defendant, before that time had and received to the use of the

Where an action, *qui tam*, &c. is brought by a common informer for treble damages, under the *second* section of the act " to prevent excessive and deceitful gaming," as a declaration in *assumpsit* for so much money had and received to the use of the plaintiff, is not sufficient. That form of declaring is given to the losing party only. The statute gives no form of declaring where a common informer is plaintiff; and in an action founded on a statute, the plaintiff must state specially the cause of action arising under the statute.

B b

said plaintiff, whereby, and by reason whereof, and of the said sum of money being still due and unpaid, an action hath accrued to the said plaintiff, to demand and have of and from the said defendant the said sum of money above demanded ; yet the said defendant, although often requested, hath not paid the said sum of five hundred dollars above demanded, or any part thereof, to the said plaintiff, but he, to do the like, hath hitherto wholly refused, and still doth refuse, to the damage of the said plaintiff of five hundred dollars, and thereof he brings suit," &c. Plea, the general issue.

The cause was tried at the *New-York sittings*, on the 8th *April*, 1807, before Mr. Justice *Tompkins.* At the trial, the plaintiff's counsel stated, that the suit was brought to recover the sum of five hundred dollars, under the second section of the act, entitled, " An act to prevent excessive and deceitful gaming,"* which section is as follows : " And be it further enacted, That every person who shall, at any time or sitting, by playing at any game, or by betting on the sides or hands of such as do play at any game, lose to any one or more persons so playing or betting, in the whole, the sum of twenty-five dollars, in money or in any other thing to such amount, and shall pay or deliver the same, or any part thereof, it shall be lawful for such person within three months next thereafter, to sue for and recover the money or value of the things so lost and paid or delivered, or any part thereof, from the winner, with costs of suit, by action of debt founded on this act, in any court of record having cognisance of the same, in which action it shall be sufficient for the plaintiff to allege in his declaration, that the defendant is indebted to the plaintiff in the monies so lost and paid, or in the amount of the value of the things so lost and delivered, for so much money had and received by such defendant to the plaintiff's use, without setting forth the special matter : and in case the person who shall lose such money, or other thing as aforesaid, shall not, within the time aforesaid, *bona fide*, and without collusion, sue and prosecute with ef-

*Rev. Laws* of *N. Y.* vol. 1. p. 231. sess. 24. c. 46.

fect for the money or other things so by him lost and paid, or delivered, it shall be lawful for any person, by any such action, to sue for and recover the same, and treble the amount or value thereof, with costs of suit against such winner, the one moiety of such forfeiture, when recovered, to be paid to the overseers of the poor of the city or town in which such offence shall be committed, and the other moiety to the person who will sue for the same."

It appeared that different sums of money had been won at play, between the fifteenth day of *May*, one thousand eight hundred and three, and the twelfth day of *February*, one thousand eight hundred and four, by the defendant, of one *F. A.* who was called as a witness, and testified, that, at different times, between the fifteenth day of *May*, 1803, and the twelfth day of *February*, 1804, the witness lost with the defendant, at gaming, five sums of money, each sum amounting to, at least, twenty-five dollars, but that he could not specify what particular sum he lost at any one time. He was, however, sure, that the sums so lost at each of those five times, exceeded twenty-five dollars. The present suit was not brought until the twelfth day of *May*, 1804.

The counsel for the defendant objected, that the plaintiff could not recover.

1st. Because, the evidence did not support the declaration, as no recovery could be had in this action, except for money lost at play by the plaintiff, *Cole.*

2d. Because, no particular sum was specified at any particular losing ; and

3d. If a recovery could be had, it could only be for *treble* the amount of a particular sum lost at one time or sitting.

The Judge overruled the objections, and a verdict was taken for the plaintiff for *375* dollars, in order to have the opinion of the court on the points above stated.

*R. Riker*, for the defendant, now moved to set aside the verdict, and that a nonsuit should be entered. He contended, that the plaintiff could not recover on the declaration. The statute enables a person who loses 25 dollars, or upwards, at gaming, to recover it back, by an action of *indebitatus assumpsit*, for so much money had and received to his use. It then provides, that if the party does not bring his action within three months, that then any other person, as a common informer, may sue for and recover the same, and treble the amount. Where the party himself brings the action, the defendant may know the cause for which it is brought; but where an action of *assumpsit*, in the common form, is brought by a stranger, it is impossible that the defendant should know the ground of the suit, or come prepared to meet it. It is a general and well settled rule of the common law, that the plaintiff must state his cause of action with convenient certainty, in order that the defendant may not be surprised, but may come prepared to meet it at the trial. The statute being penal, and in derogation of the common law, ought to be construed with the greatest strictness.

Again, the statute says, that the party shall forfeit the sum lost and treble the amount; the verdict should have, therefore, been for four times the amount lost, or 500 dollars. In an action on a penal statute, the plaintiff must recover the precise penalty or nothing.*

* 1 *Hen. Black.*
251. *Marshall,
arguendo.* 3
*Mod.* 41.

*T. A. Emmet*, contra. The act was intended to prevent a great and growing vice, and great latitude, as to the form of action, was given, in order to prevent any difficulties which might arise as to the pleadings. The form of the declaration, in which the plaintiff states, that he sues as well for himself, as for the overseers of the poor of the city of *New-York*, &c. sufficiently apprizes the defendant of the cause of action. Suppose the action brought by a party, who had lost fifty different sums on different days, in gaming with the same person, he might bring one action for the whole, and the defendant would be equally at a loss to know

the precise ground of action. The action need not be debt;
for the statute, after saying that the losing party may declare
for so much money had and received to his use ; declares,
that, if no suit is brought by the party in three months, any
other person may sue " by any such action," and recover
the money lost and treble the value in damages, thus ex-
pressly giving the common informer the same action as that
before granted to the losing party.

A stranger, or common informer, who sues for the penal-
ty, is entitled to greater indulgence in pleading, for he may
not always know the precise facts ; and, if compelled to state
the cause of action with perfect certainty, as to time, place,
amount, &c. the intention of the act might be defeated. The
legislature evidently intended to facilitate the recovery in
this case, by giving a simple form of action.   The doctrine
stated from *M'Quillin* v. *Cox*,\* is merely that in action of  * 1 *H. Black.*<br>49.
*debt*, founded on a record, specialty or statute, giving a
certain penalty, the precise sum must be stated.   The same
strictness will not be required in the present form of ac-
tion.

*Per Curiam.*   The action of the plaintiff is founded en-
tirely upon the authority of the statute.   There was no con-
tract or privity existing between him and the defendant, from
which the law would raise an implied *assumpsit* in the de-
fendant to pay money *to him*.   The declaration, containing
only a single count for money had and received, could not
then have disclosed to the defendant the grounds of the ac-
tion ; and, in legal intendment, the testimony at the trial must
have been a complete surprise.   An action founded upon a
statute, must state specially the cause of action arising under
the statute.   Nothing will prevent the application of this
rule but the statute itself giving a particular form of de-
claration.   In the statute respecting gaming, there is no
form of declaring given, when a common informer, as the
plaintiff is, brings a *qui tam* action for the money lost and
the treble damages.   He is to have an action of debt found-

ed on the statute, and further than that is not provided for in his case. The statute is silent as to the mode of declaring in such action ; and the plaintiff must consequently follow the general rule of stating the special matter upon which his cause of action arises. The testimony did not support a count for money had and received to the plaintiff's use ; and a judgment of nonsuit must be entered.

The statute of 9 *Anne*, c. 14. s. 2. contains precisely the same provisions as our act. The latter is, in fact, a transcript of the former ; and when the common informer sues in that case, upon the neglect of the loser to sue within the three months, he states the special matter, and does not declare simply upon the count for money had and received. This appears from the record in the case of *Frederick* v. *Lookup*, (4 *Burr.* 2018.) which was an action founded upon the same clause of the statute.

Judgment of nonsuit.