## SUPREME COURT.

MOREHOUSE AND OTHERS, Overseers of Poor, agt. CRILLEY.

The Code, (§ 140,) has abrogated the provision of the Revised Statutes, (2 *R S*. 482, § 10,) specially authorizing a *declaration* for offences against a penal statute, *to allege the words of, and refer to, the statute.*

That is: in declaring now, for offences against penal statutes, (excise laws, gaming, &c.,) the plaintiff must set forth "a plain and concise statement of the *facts* constituting a cause of action," &c. (*Code,* § 142.)

The plaintiff must follow the general rule, which prevailed previous to the Revised Statutes, of stating the *special matter* upon which the action arises.

*Dutchess Special Term, December,* 1853. The action is brought for the recovery of numerous penalties for a violation of the excise laws. The defendant demurs to the complaint.

H. A. NELSON, *for Defendant.*

J. H. JACKSON, *for Plaintiffs.*

BARCULO, Justice.—I am glad to perceive that the attorney in this case has been able to state briefly, in his demurrer, the reasons why, or particular in which, the complaint does not state facts sufficient to constitute a cause of action. He seems to have done it, too, without a great deal of difficulty, notwithstanding some of my brethren consider it such a herculean task, that it ought not to be imposed upon a Code lawyer.

The material objection to the complaint is that "it does not state the place where, the time when, the kind or quantity of liquor sold by the defendant, or *that any liquor was sold by defendant.*"

The complaint sets forth that the defendant is indebted to the plaintiffs, overseers, &c., "in the sum of.$25, penalty incurred by the said defendant at Poughkeepsie, in the county

**432**        NEW-YORK PRACTICE REPORTS

Morehouse and others, Overseers of Poor, agt. Crilley.

of Dutchess, for violations of the provisions of section 15, title 9, chap. 20 of part 1, of the Revised Statutes, between the first day of October, 1852, and the time of the commencement of this action, but on what particular day the said plaintiffs are unable to state."

This form of declaring was good under the old system, by virtue of a provision of the Revised Statutes specially authorizing it. (2 *R. S.* 482, § 10.) But this benign statute has been abrogated by section 140 of the Code; and section 142 provides that the complaint shall contain "a plain and concise statement of the *facts* constituting a cause of action, without unnecessary repetition." Now, that this complaint does not set forth the facts is obvious from a bare inspection. It does not appear what acts are complained of; not even a lawyer, without the statute before him, could ascertain what defendant has been guilty of. The rule that obtains under the Code must be substantially the rule that prevailed before the Revised Statutes. In Bigelow agt. Johnson, (13 *John.* 428,) the court say : ·

"It is a well settled rule, that in declaring for offences against penal statutes, (where no form is expressly given,) the plaintiff is bound to *set forth specially the facts on which he relies* to constitute the offence." That was a case arising upon the excise laws. So in Cole agt. Smith, (4 *John.* 193,) the court nonsuited a plaintiff after verdict because he had declared generally in assumpsit on the statute respecting gaming. They say, "the statute is silent as to the mode of declaring in such actions; and the plaintiff must consequently follow the general rule of stating the special matter upon which the action arises."

The complaint should have averred, at least, that the defendant had sold strong or spirituous liquors, or wines, in quantities less than five gallons, without having a license therefor; and perhaps it would be better to specify the kinds of liquor sold.

Judgment for defendant, with leave to plaintiffs to amend on payment of costs, within twenty days.