# THE PEOPLE a. BENNETT.

*Supreme Court, Second District; Special Term, November*, 1857.

ACTION FOR STATUTE PENALTY.—FORM OF COMPLAINT.—SUMMONS.

The provisions of 2 Revised Statutes, 482, § 10,—relative to the forms of declarations in actions for statute penalties,—are not abrogated by the Code; and the method of declaring authorized by them is still proper.

A summons in the form prescribed by subdivision 1 of section 129 of the Code, is the proper summons in an action brought to recover a statute penalty.

This suit was brought against Michael Bennett to recover the statute penalty of $50, for a violation of section 21 of the Metropolitan Police Law (2 *Laws of* 1857, 200, *ch.* 569).

The complaint was drawn in the short form authorized by the provisions of the Revised Statutes, and the summons was for a money demand. The defendant moved to set aside the complaint for irregularity, in that it varied from the summons.

The same motion was made in each of three hundred other suits brought against other defendants, for violations of the same act.

*H. A. Moore, E. D. Lewis, R. C. Underhill*, and others, for the motion.

*J. G. Schumaker*, district attorney, opposed.

BIRDSEYE, J.—In Morehouse a. Crilley (8 *How. Pr. R.*, 431), Mr. Justice Barculo held that the Code (§ 140) had abrogated the provisions of the Revised Statutes (2 *Rev. Stats.*, 482, § 10), specially authorizing a declaration for offences against a penal statute, to allege the words of and refer to the statute, without setting forth the special matter. And for this reason he sustained a demurrer to a complaint for the recovery of penalties for violations of these excise laws, because it did not set forth specially the facts constituting the cause of action.

But, in the opinion in that case, no reference was had to the provisions of section 471 of the Code. By this section, part 2 of the Code (which contains 140 sections) was not to affect *inter alia*

any existing statutory provisions relating to actions, not inconsistent with the Code, and in substance applicable to the actions thereby provided, nor any proceedings provided for by chapter 8 of the third part of the Revised Statutes, excluding the second and twelfth titles thereof; except that when, in consequence of any such proceeding, a civil action should be brought, such action should be conducted in conformity to the Code ; and except, also, that where any particular provisions of the excepted statutes were plainly inconsistent with the Code, such provision was to be deemed repealed.

This section was in force when the case of Morehouse *v.* Crilley was decided; but it seems not to have been brought to the notice of the learned judge. Hence, the case cannot well be considered a decisive authority upon the question whether the short form of declaring in actions for penalties and forfeitures, prescribed in article 1 of title 6 of chapter 8 of part 3 of the Revised Statutes, is abolished by the Code. That question does not seem to have been passed upon in any other case. And it may be properly treated as a new question, the consideration of it in Morehouse *v.* Crilley being manifestly incomplete.

It has, however, been held, in numerous cases, that other provisions of the excepted parts of the Revised Statutes are saved by section 471 of the Code, although their provisions are quite as inconsistent with the Code as are those which give the short form of declaring in suits for penalties and forfeitures.

Thus in The Bank of Genesee *a.* The Patchin Bank (3 *Kern.*, 313), the Court of Appeals held that the Code had not repealed that provision of the Revised Statutes which declares that in suits brought by a corporation, it shall not be necessary to prove on the trial the existence of such corporation, unless the defendant shall have pleaded in abatement or in bar that the plaintiffs are not a corporation (2 *Rev. Stats.*, 458, § 3).

The same thing has been held in substance in several other cases. (See The Bank of Waterville *a.* Beltzer, 13 *How. Pr. R.*, 272 ; The Union Mutual Insurance Company *a.* Osgood, 1 *Duer*, 70 ; Johnson *a.* Kemp, 11 *How. Pr. R.*, 186.)

I can see no greater repugnancy or inconsistency between the provisions of the Code and those of the Revised Statutes, in respect to the form of declaring for penalties, than there is in

reference to the provisions as to the method of pleading the existence of corporations.

As was said in 3 Kernan, 314, " There is no inconsistency or repugnancy in applying the provisions referred to from the Revised Statutes to actions under the Code. There are the same reasons of convenience for it now which existed under the former system, and it does not conflict with any particular provision of the Code. It therefore remains in force."*

This method of declaring being still proper, has the proper form of summons been used for the commencement of the action ?

The defendants contend that whatever be the proper form of complaint, the action is not " an action arising on contract," within the meaning of subdivision 1 of section 129 of the Code; that an application for the relief demanded in the complaint must be made before the plaintiffs can obtain judgment, and therefore a notice to that effect should have been included in the summons.

The position is clearly correct, if the terms here used to divide all civil actions into two classes are intended to distinguish actions arising on express contracts, for the payment of money only, from all others. I know of no authority for such a construction, nor do I see any good reason for adopting it. Whenever, upon a given state of facts, the law before the Code, by

---

* The complaint in this case was in the following form :—

TITLE OF THE CAUSE.

The complaint of the People of the State of New York, plaintiffs, against Michael Bennett, defendant, states—*First,* That, as they are informed and believe, the defendant, on the         day of         , 1857, that day being Sunday, the first day of the week, at the city of Brooklyn and in the county of Kings, within the Metropolitan Police District of the State of New York, did publicly keep intoxicating liquors, contrary to the provisions of section 21 of the act of the Legislature of the State of New York, entitled " An act to establish a Metropolitan Police District and to provide for the government thereof," passed April 15, 1857.

That, by reason thereof, the defendant is indebted to the plaintiffs in the penalty and sum of fifty dollars, for the benefit of the police contingent fund, authorized by the said act, and an action hath accrued to the plaintiffs to recover the same.

The plaintiffs demand judgment against the defendant for the said sum of fifty dollars, and the costs of this action.

J. G. SCHUMAKER, *District Attorney of the County of Kings.*

VERIFICATION, by the district attorney.

implication, raised a contract between the parties, and gave the means of enforcing it by an action in form *ex contractu*, I think the same remedy must still exist. The plaintiff whose chattels have been taken by force or fraud, may still elect to waive the tort, and bring his action for their value, founding his action upon the liability which the law imposes, to pay a fair and just equivalent for the property taken.

So a party who has been sued for the recovery of unliquidated damages arising out of a tort committed by him, as soon as the fact of his liability has been established, and the extent of it determined by trial and judgment, is now liable, as before the Code, to an action in form *ex contractu* upon the judgment. Not because there is any express contract to pay by a judgment debtor; but because there is a specific legal duty or obligation to pay a definite sum of money imposed on the defendant.

The same considerations which allowed the actions of assumpsit or debt to be maintained under the old system of pleading and practice, and which warrant the granting of the same relief under the present system, upon a statement of the substantial facts of the case, without regard to the form of the action, apply to the case now before the court, and require that it shall be classed in the same general division of actions in which it was classed prior to the Code. The defendant is not held to pay money by any express agreement on his part. But if he has committed the act forbidden, he has incurred a legal liability to pay a specified sum to a particular party. He knew the act was forbidden; and that its commission would fix him with the liability. Yet he has chosen to violate the statute, and of course to assume the consequences. It is not straining the force of language very much to say that the legal duty which such a party owes to the person injured, and for whose protection the statute was designed, arises on contract, especially where this test is applied simply with reference to the form of proceeding, and with a view to the obtaining of the remedy, and in a matter exclusively of statutory cognizance.

The substantial correctness of this view is evident from the uniform manner of collecting such penalties adopted in the English law. This uniformity was so great, that it was a part of the definition of the action of debt, in all books of practice and pleading, that the action of debt lay for the recovery of a specific

sum of money, due either by virtue of some record, or *statute*, or writing under seal; as on judgments and recognizances of courts of record, on *statutes for the recovery of penalties and forfeitures*, on bonds, &c. (See 1 *Tidd's Pr.*, 4; 1 *Burrill's Pr.*, 24; 1, *Chitt. Pl.*, 123, 127-8; 2 *Bacon's Abr.*, tit. *Debt A.*; 3 *Com. Dig.*, tit. *Debt A.*, 1.)

Thus it was said (1 *Roll. Abr.*, 598), if an act of parliament gives a penalty, and does not say to whom, nor by what action it shall be recovered, an action of debt lies upon such statute by the party grieved. The same point is stated in 2 Bacon's Abr., tit. Debt A, citing the same authority, and adding, " and which is now the common practice." (See also 2 *Strange*, 828.)

It has been often held in this State, that where no particular mode was prescribed for the recovery of a penalty given by statute, debt was the appropriate action (15 *Wend.*, 184; 5 *Johns.*, 175).

These, and many other authorities which might be cited, sufficiently show that it is no mere fiction of law by which the action of debt was made the usual and proper method for collecting forfeitures and penalties. One of the cases cited throws much light upon the gradual manner in which the common action of debt, in the civil courts, grew into use for this purpose.

In the King *v.* Malland (2 *Str.*, 828, 2 George II.), which was an indictment for the violation of a statute by an act upon which a money penalty was imposed, it was held that where there is no appropriation of a statute penalty it was a debt to the crown, and suable for in a court of revenue, and not by indictment. Where the distinction between the courts for the collection of the king's revenue, and the other courts was practically abolished, the same form of action was adopted in the other courts of law in England. In this State that distinction had never existed. But, as has been already stated, the legal liability to pay the penalty was always treated by our courts as amounting to contract to pay it.

Such is, in my judgment, still the rule of law, notwithstanding the change in the forms of procedure introduced by the Code. And, therefore, when the complaint avers, as it does in this case, that the defendant has committed the acts which fix upon him the legal duty of paying the prescribed penalty, and that by reason thereof he is indebted to the plaintiffs in the amount of

the penalty, and an action hath accrued to the plaintiff to recover the same, the action is shown to be one " arising on contract," within the meaning of section 129 of the Code. The form of summons adopted is therefore the proper one, and the objection to it must be overruled.

Although nothing was said at the argument upon that subject, it may be properly added here that I see nothing in the provisions of the Code as to arrest and bail (§ 179), or as to the entry of judgment upon failure to answer (§ 246), leading to a different conclusion.

The defendant's motion must be denied, but without costs ; the question being new, and of such a character as to warrant the application to the court.

---

## THURSTON a. MARSH.

*Supreme Court, First District ; Special Term, November,* 1857.

FORECLOSURE.—INTEREST CLAUSE.—PAYING MONEY INTO COURT.
—TENDER.

*It seems,* that under the Code, tender of the amount due in a foreclosure suit can only be made in the form of an offer by the defendant to allow the plaintiff to take judgment for a specified sum, with costs.

In an action to foreclose a mortgage containing an interest clause, for failure to pay an instalment of interest, defendant obtained an *ex parte* order allowing him to pay the interest in arrear into court; and having paid it, he answered, averring the payment.

*Held,* that he had mistaken the practice. He should have offered payment to the plaintiff, and on refusal, and on his excuse for the original default, have applied for a stay of proceedings in the action.

Motion to vacate an *ex parte* order permitting defendant to pay money into court.

This was an action for the foreclosure of a mortgage to secure the payment of $2750 in three years, but containing an interest clause to the effect that in case default was made in paying the