## Case No. 17,071.

### WALKER v. HAWXHURST.

[5 Blatchf. 494.] [1]

Circuit Court, S. D. New York. Sept. 18, 1867.

PATENTS — MARKING UNPATENTED ARTICLES PATENTED—ACTION FOR PENALTY—REVIEW ON APPEAL.

1. Under the 5th section of the act of August 29th, 1842 (5 Stat. 544), a person who marks

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

as patented an unpatented article, is not liable to the penalty therein prescribed, unless he does so knowing that he has no right to do so, and with the intention of deceiving the public.
[Cited in Oliphant v. Salem Flouring Mills, Case No. 10,486; Winne v. Snow, 19 Fed. 509.]

2. In an action for the penalty, the question as to such intention is one for the jury.
[Cited in Oliphant v. Salem Flouring Mills, Case No. 10,486.]

3. The question of fraud or deceit, on a trial, as a matter of fact, involves an inquiry of much latitude, and an appellate court will allow considerable indulgence in revising questions as to the admission or rejection of evidence; and the error must not only be striking, but must necessarily have been calculated to mislead the jury, before the verdict will be interfered with.
[Cited in French v. Foley, 11 Fed. 807.]

This was an action, founded on the 5th section of the act of August 29, 1842 (5 Stat. 544), to recover a penalty for marking an unpatented article with a mark indicating that it was patented, for the purpose of deceiving the public. The defendant [Jotham W. Hawxhurst] had a verdict, and the plaintiff [Sylvanus Walker] now moved for a new trial.

Charles W. Prentiss, for plaintiff.
George W. Lord, for defendant.

NELSON, Circuit Justice. A new trial is urged principally on the ground of an objection to the charge of the court. The counsel for the plaintiff requested the court to charge, that if the jury believed that the defendant intended the public to understand, by the words and figures he caused to be put on the article, that he had got a patent for it, he was liable for the penalty. The court refused so to charge, but charged, that if the defendant used the marks, knowing he had no right to, and with the intention of deceiving the public, then he was liable, but, if he used them, supposing he had a right to, and with no intention to deceive the public, then he was not liable. I am of opinion that the court did not err in refusing to charge as requested by the counsel. The request leaves out altogether the element of fraud and deceit, which is clearly, and even in terms, made essential to bring a party within the penalties of the statute. According to the interpretation of the counsel, the simple act of marking the article, indicating that it was patented when it was not, would be sufficient, because, of necessity, the party must mean and intend that the public should understand what he has thus explicitly expressed. But this is not the statute. The marking must not only give the public to understand the fact of a patent, but the act must be done malo animo, with an intent to deceive; and this ingredient of the offence, which is essential to make it complete, must be left to, and be found by, the jury. The court, therefore, was right in submitting it to them.

The remaining questions in the case arise out of the admission and rejection of evidence. The question of fraud or deceit, as a matter of fact presented in a case, involves an inquiry

of much latitude and scope on the trial, and must generally be directed by the good sense of the judge, in respect to the bearing of the facts and circumstances relied on, and concerning which it is oftentimes difficult to apply any fixed rules. Very considerable indulgence is, therefore, allowed by the appellate court, in revising these questions. The error must not only be striking, but must necessarily have been calculated to mislead the minds of the jury, before the verdict will be interfered with. I have looked carefully into these questions of evidence, and am of opinion that no one of them, within the above observations, would justify me in granting this motion. The motion for a new trial is denied.