By the Court.*—Verplanok, Ch. J.
This is an *466 appeal from, an order denying a motion to set aside the summons and complaint in this action, on the ground that the summons was issued under subdivision 2 of section 139 of the Code of Procedure, the action being to recover a penalty forfeited by the defendants under the provisions of an act of the legislature to prevent extortion by railroad companies, passed in 1857, as appears by an indorsement on the summons, and as also appears by said complaint.
It is very doubtful whether an appeal lies from the decision of the special to the general term in this case. It can only be sustained upon the ground that it affects a substantial right of the defendant. How can any substantial right of the defendant be affected by the refusal of the special term to set aside the summons and complaint? If they are retained, and the defendant does not answer, the demand against the defendant will be passed upon by the court instead of the clerk of the court; and if a proper decision is not made, he is entitled to an appeal from the judgment ordered; a right which is not given if an erroneous decision is made by the clerk. In the latter case, the party would be driven to protect himself by a motion, and the matter would then be passed upon finally by the court. I shall, however, dispose of this motion upon the merits.
By section 1 of article 1 of chapter 8 of title 6 of part 3 of the Revised Statutes, it is provided, that “ When a pecuniary penalty or forfeiture is specially granted by law to any person injured or aggrieved by any act or omission of another, the same may be sued for and recovered in an action of debt or in an action of assumpsit.” And by section 9 of the same article it is provided, that “Whenever an action of assumpsit shall be brought for the recovery of any penalty given by any statute, it shall be sufficient, without setting forth the special matter, to allege in the declaration that the defendant, being indebted in the amount of *467 such, penalty, referring to the same,” &c., . . . “undertook and promised to pay the same.”
In deciding the case of the People v. Bennett, 5 Abb. Pr., 384, and the appeal in same, 6 Id., 343, the court regarded these provisions of the statute as declaring and establishing that an action for the recovery of a penalty given by a statute, was and mast be an action founded upon an implied contract growing not out of the stipulation, but out of the acts of the parties; but it is submitted that these statutes are only permissive, and that before the Code an action on the case would have been sustained to recover such penalty or forfeiture. The law has never declared, and no judge or court, except in the cases cited, has ever claimed, that a penalty given to a party on account of extortion practiced upon him was an action arising upon contract. Bigelow v. Johnson, 13 Johns., 428; Cole v. Smith, 4 Id., 193. I do not, therefore, think that the claim for which this action was brought, even with the aid of those statutes, was a cause of action arising upon a contract.
But with due respect to the learned judge who decided the case of the People y. Bennett, and who wrote the opinion in the same case, on appeal, I think the permissive statutes to which I have referred are repealed by section 140 of the Code, and are not saved by section 471, and that the decision in the case of Morehouse v. Crilley, 8 How. Pr., 431, was-correct, and should not have been disregarded. The great ob ■ ject of the Code was to simplify pleading, and to compel a complaint to contain a plain and concise statement of the facts constituting the cause of action, and to do away with forms, which the common law and our statutes had adopted, and allowed in pleading, and which did not state the facts of the case.
The statutory form upon this claim would require the statement in the complaint, only that the defendant *468 was indebted to the plaintiff' in the sum of fifty dollars, under the provision of section 1 of chapter 185 of the law of 1857, and by referring to that same law under which the action was brought. A greater fare than that allowed by law had been asked and received by the defendant, but where or when, or over what portion of its road, could not be ascertained either by an examination of the complaint or the summons, nor could the defendant, under section 160 of the Code, require the plaintiff to make Ms pleading more definite or certain, because it is regulated by the Revised Statutes, and not by the Code. It seems to me, therefore, that the pleading under the statute is inconsistent with the provision of section 142 of the Code, and is not saved by section 471.
Again, I think the order appealed from should be affirmed, because the granting of it would have discontinued this action, and no judgment could have been rendered.
The defendant should wait and see whether the plaintiff entered a judgment in the action to which he was not entitled; and if he did, it would then be proper for the defendant to move for such relief as he would be entitled to.
The case of the Bank of Genesee v. Patchin Bank, (13 N. Y. [3 Kern.], 309), simply decided a rule of evidence. The question was, whether the answer denying merely the allegations of the complaint, and failing to plead that the plaintiff was such a corporation as alleged in the complaint, it was necessary for the plaintiff to prove its incorporation; and the court held, that, under 2 Rev. 8tat., 458, § 3, it was not necessary, and that said section 3 had not been abolished by the Code: and this was plainly right, for there is nothing in this section inconsistent with the rules of pleading established by the Code. It only regulates a question of proof; and so in the case of Johnson v. *469 Kemp, 11 How. Pr., 186, cited by Beardsley, in People v. Bennett, the court held that section 13 of title 4 of chapter 8 of part 3 of the Revised Statutes was not repealed by the Code, but that section only provided that in actions by or against any corporation established under the laws of this State, it should not be necessary to recite the act of incorporation, but it should be sufficient to recite the title of such act, and the date of its incorporation. There is nothing in this section inconsistent with the provisions of the Code, and it is, therefore, saved by section 471. It regulates only the manner of stating the legal existence of the party, and the capacity to sue, and not the matter which constitutes a cause of action of such a party. The case of Bank of Waterville v. Beltzer, 13 How. Pr., 270, follows and affirms the cases before cited ; and the case in 2 Duer, upon demurrer, only holds that said section 13 is not repealed.
The order must be affirmed, with ten dollars costs.
Ordered accordingly.

 Present, Verplanck, Ch. J., and Sheldon, J.