## Case No. 10,486.

OLIPHANT v. SALEM FLOURING MILLS CO.

[3 Ban. & A. 256; 1  5 Sawy. 128; 10 Chi. Leg. News. 276.]

District Court, D. Oregon.    March 29, 1878.

PATENTS — FALSELY STAMPING AN ARTICLE "PATENTED"—PENALTY—PATENTABILITY OF THE ARTICLE—PARTIES TO ACTION FOR THE PENALTY.

1. The question, whether it is a violation of the statute, to mark with the word "patent" articles which are not patentable, discussed.

2. The action was brought to recover a penalty under section 4,901 of the Revised Statutes, for marking certain sacks of unpatented flour with the word "patent." The defendants demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action: *Held*, that the allegation in the complaint "that all of said flour and sacks were the property of the defendant and patentable under the laws of the United States," was a sufficient allegation that the flour marked was patentable, and that it was not a sham allegation, as flour may be a patentable article.

[3. Cited in Winne v. Snow, 19 Fed. 508, to the point that in an action brought by an informer for his own benefit and that of the United States under section 4901, Rev. St., for falsely stamping the word "Patented" on an unpatented article, the plaintiff may properly describe himself as bringing the action for the benefit of himself and of the United States; that in such cases the United States is not regarded as a party to the action; and that a demurrer for misjoinder will not be sustained.]

[Action by W. S. Oliphant against the Salem Flouring Mills Company, to recover penalties for the violation of section 4901 of the Revised Statutes.] 2   Heard on demurrer.

―――――

1 [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and L. S. B. Sawyer, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 3 Ban. & A. 256, and the statement is from 5 Sawy. 128.]

2 [From 5 Sawy. 128.]

Addison C. Gibbs and J. Quinn Thornton, for plaintiff.

William H. Effinger and J. J. Shaw, for defendant.

DEADY, District Judge.    This action is brought by the plaintiff, who sues as well for himself as the United States, under the third clause of section 4,901 of the Revised Statutes, to recover of the defendant penalties for marking one thousand sacks of unpatented flour with the word "patent," "for the purpose of deceiving the public, and having it understood and believed by the public that the flour put into each of said sacks was patented."

The defendant demurs to the complaint, and for cause of demurrer alleges that it does not state facts sufficient to constitute a cause of action. Upon the argument of the demurrer, the only point made in support of it was that the article upon which the word "patent" is used must be a patentable one, entitled to be patented, and this must be sufficiently alleged.

The section of the Revised Statutes in question provides substantially that whoever (1) "marks upon anything made, used or sold by him, for which he has not obtained a patent, the name or any imitation" thereof of the patentee of such thing without his consent; or (2) "marks upon or affixes to any such patented article the word 'patent,' or 'patentee,' or the words 'letters patent,' or any word of like import, with intent to imitate or counterfeit the mark or device of the patentee," without his consent; or (3) "marks upon or affixes to any unpatented article the word 'patent,' or any word importing that the same is patented, for the purpose of deceiving the public, shall be liable, for every such offence, to a penalty of not less than one hundred dollars, with costs," to any person who shall sue for the same, one half to go to himself, and the other to the United States.

The first two clauses of this section are evidently intended to protect the patentee of a patented article against the fraudulent use of his name or device upon a spurious article, and it is equally manifest that the third clause is intended to protect the public against the fraudulent use of the word patent. What art, machine, composition, process, or result may be patented is largely a question of fact, which in most cases lies beyond the knowledge or observation of the mass of mankind, the public. To say whether an article is both novel and useful, and has "a sufficiency of invention" to entitle it to be patented, is often a difficult question, and one which in most cases requires the skill and research of experts to determine. It may be useful but not new, or the reverse, and in neither case is it patentable. But the word "patent" upon an article is prima facie an assertion that it has some peculiar value or merit sufficient to induce the government,

upon a thorough examination of the subject, to give the inventor the exclusive right to make and vend the same. The impression which the fact ordinarily makes upon the mind is, that the article marked "patent" is in some respects more useful or desirable than articles of the same general kind or use which are not so marked. If, then, a person marks an unpatented article with the word "patent," the public are thereby liable to be deceived as to the character and value of the article. The act is a species of counterfeiting. This being so, the presumption is, until the contrary appears, that the mark was placed on the article with the intention to deceive. The falsehood is a badge of fraud.

To my mind it is clear, both upon the reason of the thing, and the plain words of the statute, that the penalty is incurred by marking an unpatented article with the word "patent," whether the same is patentable or not. The statute is made for the protection of the public, and is intended to prevent unscrupulous persons from imposing upon the community by the unauthorized and false use of the word "patent." But it must also appear that the article was so falsely marked with intent to deceive the public. Cases may arise in which it is apparent that the marking was done on unpatented articles in jest or ridicule, or as a mere fancy or caprice, under such circumstances that it is not possible that any one could be misled or deceived by it. A person might mark his dog or horse with the word "patent," but hardly with the intention to make the public believe that either was of any more use or value than any other like animal. And in such an extreme case the court might be able to say on demurrer to the complaint that there could not by any possibility have been any intention to deceive.

But in all ordinary cases, or cases in which there can be any doubt about it, the question of fraudulent intent or purpose to deceive is one for the jury. In passing upon it, the probability or improbability of the public being deceived by the alleged false marking will be taken into consideration by them. In this case, the court is unable to say, judicially or otherwise, that flour has never been patented, and cannot be; and more, that that is a fact of such general notoriety the public could not be deceived in regard to it. So far from this being the case, it is easy to conceive, in the light of the numberless patents for special preparations of farinaceous food, of flour being so prepared, either by means of peculiar machinery or some mixture with the grain of some chemical ingredient, as to be patentable. It is fair to presume that this flour was marked "patent" for some purpose. The demurrer admits that this purpose was to deceive the public, unless, as has been suggested, the court can say that such a result is impossible.

In U. S. v. Morris [Case No. 15,814], Mr. Justice Leavitt expressed the opinion that this statute did not apply to non-patentable articles. But this was mere obiter and without the argument. This opinion stands alone, and I am unable to concur with its reasoning or conclusions.

In Nichols v. Newell [Id. 10,245], as stated in Brightly's Dig. p. 637, it was decided that the object of this section "is to guard the public right to use unpatented articles; and to prevent deception, by assertions, that articles not entitled to that privilege, have been patented." The full report of the case is not obtainable here, but the reputation of the author of the digest is a sufficient guarantee that the effect of the decision is correctly given therein. From this it appears that the law applies to all unpatented articles, whether patentable or not, for the plain reason that the public should not be prevented from exercising their undoubted right to use unpatented articles by the false, and may be corrupt, assertion of any one, that they are patented.

In the case of Stephens v. Caldwell [Case No. 13,367], cited from the manuscript of Mr. Justice Sprague (1860), the digest says the penalty provided in this section "for affixing the word 'patent' to an unpatented article, is incurred as to all articles made and having such word affixed with a guilty purpose." It is probable from the context that the article involved in the case was a patentable one, but the language is clear and unqualified, and indicates plainly that no such limitation upon the ordinary signification of the word "unpatented" was thought of.

In Walker v. Hawxhurst [Id. 17,071], there was a verdict for the defendant and a motion for a new trial, on account of alleged error in the charge. In overruling the motion Mr. Justice Nelson said that the simple act of marking an article was not sufficient. "The marking must not only give the public to understand the fact of a patent, but the act must be done malo animo, with an intent to deceive; and this ingredient of the offence, which is essential to make it complete, must be left to, and be found by, the jury." It does not appear from the report what was the nature of the article marked, but there is no suggestion that it was at all material whether it was patentable or not.

This demurrer was taken and argued upon the assumption that the complaint did not sufficiently allege that the flour was a patentable article; and that if it did, it was a sham allegation, being manifestly false because it is impossible for flour to be patented. But upon examination of the complaint I am inclined to think that the allegation upon that subject is sufficient. It is "that all of said flour and sacks were the property of the defendant and patentable articles under the laws of the United States." This is not, as was contended, an allegation that the

flour and sacks taken conjunctively, together, constituted one patentable article, but rather that all the flour and sacks, as such, that is, both sacks and flour, are patentable. But, however this may be, I regard the allegation as immaterial, and the complaint is sufficient without it. The demurrer is overruled.