WINNE, Suing for Himself, as well as for the United States, *v.* SNOW.

(*District Court, S. D. New York.* February 11, 1884.)

1. PATENTS—FALSE MARKS—REV. ST. § 4901—DEMURRER—ACTION QUI TAM.
 An action brought by an informer for his own benefit and that of the United States, under section 4901, Rev. St., for falsely stamping the word "patented" on an unpatented article, is an action *qui tam*, in which the plaintiff may properly describe himself as bringing the action for the benefit of himself and of the United States. In such cases the United States is not regarded as a party to the action, and a demurrer for misjoinder of parties will not be sustained.

2. SAME—JURISDICTION.
 Such an action may be brought in the district where the offense is committed; and the jurisdiction of the court does not depend on the residence of the parties.

3. SAME—PARTIES.
 Such an action may be brought, under the statute, as well by a person suffering no special injury, as by one who is specially damaged by the defendant's illegal acts. Averments of special damage in the complaint are, therefore, immaterial

and irrelevant; but though they may be stricken out on motion, they are not a ground of demurrer under the New York Code of Procedure.

4. SAME—AVERMENTS—EVIDENCE.

In such an action it is not necessary to aver or prove that the articles falsely stamped were capable of being patented; if not patentable, and if the acts alleged were incapable of deceiving the public, that is matter of defense.

Demurrer to Complaint.

*W. E. Ward*, for plaintiff.

*Charles M. Stafford*, for defendant.

BROWN, J.   The complaint charges that on or about the nineteenth day of May, 1883, the defendant, within this district, did mark or stamp upon 500 basket-cover fastenings, which were unpatented, the words and figures, "Patented May 30th, July 25, 1871," importing that they had been patented at those dates, with the intent and purpose of deceiving the public.   The complaint further states that the plaintiff is the patentee of a useful improvement in basket-cover fastenings, and is engaged in business in manufacturing and selling such articles for the public; that the defendant's acts were for the purpose of injuring the plaintiff in his business; that defendant forbade the public the use of plaintiff's improvement, and threatened to prosecute the persons who should use and sell it; that the plaintiff's basket-cover fastening was better and cheaper than the defendant's and that the plaintiff had been greatly injured in his business by the defendant's wrongful acts, to the amount of $50,000; that all of these acts of the defendant were contrary to section 4901, Rev. St., whereby, by virtue of said statute, an action had accrued to the plaintiff to demand of the defendant a penalty of $100 for each of said basket covers so falsely stamped, amounting to $50,000, for which he demanded judgment for himself and the United States.   The defendant demurs —*First*, for the improper joinder of parties plaintiff; *second*, misjoinder of causes of action,—one for penalty, the other for damages to the plaintiff's business; *third*, that the court has no jurisdiction; *fourth*, that the facts stated are not sufficient to constitue a cause of action.

1. The suit is a *qui tam* action to recover a penalty under section 4901, one-half of which is to go to the plaintiff, and the other half to the United States.   The plaintiff, in stating that he sues "for himself as well as the United States," states only a legal fact apparent on the face of the statute, and in a form long recognized as proper.   In such cases the United States is not regarded as a party to the action; the form of the title indicates only that it is a *qui tam* action, prosecuted by an informer, to recover a statutory penalty; and the objection of misjoinder is not well taken.   *Cloud* v. *Hewitt*, 3 Cranch, C. C. 199; *Ferrett* v. *Atwill*, 1 Blatchf. 151; *Cole* v. *Smith*, 4 Johns. 193; *Oliphant* v. *Salem Flouring Mills*, 5 Sawy. 128.

2. The matter set up as special damage to the plaintiff is unnecessary and irrelevant.   Any informer is entitled to the same recovery that any other person who was specially injured by the defendant's

wrongful acts would be.  *Pentlarge* v. *Kirby, ante,* 501.  This special matter, however, is plainly not stated in this complaint, as a separate cause of action, and no relief is prayed for in reference to it.  As irrelevant matter, it might be stricken out on motion under the New York Code of Procedure, which regulates the practice here in common-law actions; but it cannot be objected to by demurrer.

3. In actions based upon this statute, the citizenship of the parties is immaterial; the action must be brought in the district where the offense is committed.  *Pentlarge* v. *Kirby, supra.*

4. It is urged that the complaint does not state facts sufficient to constitute a cause of action, because it does not allege that the articles stamped were capable of being patented; and the case of *U. S.* v. *Morris,* 2 Bond, 24; 3 Fisher, Pat. Cas. 72, is cited in support of this view.  If it appeared from the complaint itself that the articles were of such a nature that the public could not possibly be deceived by the mark "patent" put upon the articles, it might be that the complaint should be held insufficient; because the intent to deceive the public is a necessary ingredient in the offense.  Beyond that, however, I cannot go; and in cases like the present, where there is nothing to indicate that the articles may not be patentable, and the public misled by the false and deceptive stamping alleged, I see no reason for shielding persons who seek to impose upon the public, from the penalties imposed upon them by the plain language of the law; or for requiring the plaintiff to allege, or to prove, more than the statute requires. Any defense of the kind referred to, in so far as it bears on the intent to deceive, is open to the defendant.  This subject was fully considered by DEADY, J., in the case of *Oliphant* v. *Salem Flouring Mills, supra,* and I fully concur with the result which he reached, holding it unnecessary to allege or prove that the article stamped was patentable.  See *Walker* v. *Hawkhurst,* 5 Blatchf. 494.

The demurrer should, therefore, be overruled; with liberty to the defendant to answer within 20 days, on payment of the costs of the demurrer.