## GUNST v. GOLDSTEIN.

(Supreme Court, Special Term, New York County. December 21, 1899.)

1. STOCK CORPORATIONS—INSPECTION OF BOOKS—REFUSAL TO PERMIT—COMPLAINT FOR PENALTIES—REQUISITES.

A complaint against an officer of a corporation for penalties, under the stock corporation law (Gen. Laws, c. 36, § 29), for refusal to permit an inspection of corporate books during business hours, should set forth specifically the facts which are relied on to constitute the offense.

2. SAME.

The complaint is defective if it does not allege that the company is a stock corporation, as the statute only applies to such, and also the circumstances connected with the demand for inspection.

3. SAME.

The complaint need not show that defendant was an officer of the corporation, if it shows that he was an agent, as such section provides that an officer or agent shall be liable for such refusal.

4. SAME—PARTIES.

The complaint need not make the corporation a party.

Action by Jacob M. Gunst against Louis A. Goldstein. Defendant demurs to the complaint. Overruled in part and sustained in part.

H. V. N. Philip, for plaintiff.
Abraham B. Schleimer, for defendant.

GIEGERICH, J.   To a complaint proceeding for penalties, under the provisions of the stock corporation law (Gen. Laws, c. 36, § 29), in consequence of the defendant's refusal to exhibit to the plaintiff the stock book and "stock certificate book" of a domestic corporation, a demurrer is interposed on the grounds (1) that it does not state facts sufficient to constitute a cause of action, and (2) that there is a defect of parties defendant, in that the J. M. Gunst Disinfecting Company has not been made a party defendant.   During the period in suit the plaintiff was the president of the last-mentioned company, a corporation organized under the laws of this state, and the defendant, purporting to act as the secretary and treasurer of such corporation, had control of the books in question.   The statute referred to provides:

"Every stock corporation shall keep at its office correct books of account of all its business and transactions, and a book to be known as the stock book, containing names, alphabetically arranged, of all persons who are stockholders of the corporation, showing their places of residence, the number of shares of stock held by them respectively, the time when they respectively became the owners thereof and the amount paid thereon.   The stock book of every such corporation shall be open daily during business hours for the inspection of the stockholders and judgment creditors, who may make extracts therefrom. * * * If any officer or agent of any such corporation shall willfully neglect or refuse to make any proper entry in such book or books, or shall neglect or refuse to exhibit the same or allow them to be inspected and extracts taken therefrom as provided in this section, the corporation and such officer or agent shall each forfeit and pay to the party injured a penalty of $50 for every such neglect or refusal and all damages resulting to him therefrom."

As these provisions are highly penal in their character, and as the statute itself does not expressly particularize the form of the complaint, the plaintiff is bound to set forth specifically the facts on which he relies to constitute the offense.   Cole v. Smith, 4 Johns. 193; Bigelow v. Johnson, 13 Johns. 428; Morehouse v. Crilley, 8 How. Prac. 431;  Village of Cortland v. Howard, 1 App. Div. 131, 31 N. Y. Supp. 843;  Steuben Co. v. Wood, 24 App. Div. 442, 48 N. Y. Supp. 471; 16 Enc. Pl. & Prac. 275.   The complaint does not conform to these requirements, as is obvious from a bare inspection.   As seen, the statute applies only to stock corporations, yet the complaint does not allege that the company in question is a corporation of that character. Hence its infirmity in this respect.

The complaint is also defective because the circumstances connected with the demand for an inspection of the book or books in question are not set forth.   If the officer or agent having charge of the stock book can be found at the office of the corporation, during business hours, a demand made, there and then by a person entitled thereto, for an inspection of such book, is sufficient, even though it be at some other place, as he is not obliged to go elsewhere for that purpose.   Recknagel v. Lamp Co., 24 Misc. Rep. 489, 491, 52 N. Y. Supp. 635.   But if the officer or agent having the custody of the specified book has removed the same from the company's office, and he cannot be found therein during business hours, then a demand elsewhere

would, in my opinion, be valid. The allegations of the complaint do not show a proper demand in either aspect. As to the contention that the allegation of the defendant's standing as an officer is insufficient, I think that the complaint, so far, is not defective. Enough is set forth to show that the defendant was an agent of the corporation, and the question whether his standing as an officer should have been definitely known to this plaintiff is not material, since a liability was imposed by statute whether he was an officer or an agent. There were other points urged in support of the demurrer on the first ground, but the same, upon examination, are found to be untenable.

The defendant has not cited any authority in support of the second ground of the demurrer, that the company should have been joined as a party defendant, nor have I been able to discover any after diligent research.

The demurrer as to this point is therefore overruled, but sustained as to the first ground, with costs, with leave to the plaintiff to amend upon payment of costs within 20 days.