## SEYDEL v. CORPORATION LIQUIDATING CO.

### SAME v. McLEAN.

(Supreme Court, Appellate Term.   March 3, 1905.)

1. CORPORATIONS — STOCKBOOK — INSPECTION — STATUTES — PLEADING — NEG-ATIVING EXCEPTIONS.

In an action under Stock Corporation Law, § 53, Laws 1892, p. 1840, c. 688, as amended Laws 1897, p. 314, c. 384, § 3, requiring foreign corporations having an office in New York, other than moneyed or railroad corporations, to keep a stockbook within the state open to inspection of stockholders and judgment creditors during business hours, and imposing a penalty for failure to comply therewith, a complaint failing to allege that defendant was a stock corporation, and was not a moneyed or railroad corporation, was fatally defective.

2. SAME—OBJECTION—TIME.

Where a complaint in an action to recover a statutory penalty was fatally defective, defendant was not confined to an objection by demurrer, and hence the withdrawal of a demurrer to the complaint did not estop it from raising the objection at the trial.

3. SAME—DEFECTS CURED BY JUDGMENT.

Where a complaint in an action to recover a penalty imposed by Stock Corporation Law, § 53, Laws 1892, p. 1840, c. 688, as amended Laws 1897, p. 314, c. 384, § 3, for failure of a corporation to allow inspection of its stockbook, was fatally defective for failure to allege that defendant corporation was a stock corporation, and to negative that it was a moneyed or railroad corporation, such defects could not be cured by judgment.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Actions by L. Victor Seydel against the Corporation Liquidating Company and against Peter J. McLean to recover penalties for defendant's refusal to allow plaintiff an inspection of the stockbook of the corporation, as required by Stock Corporation Law, § 53, Laws 1892, p. 1840, c. 688, as amended Laws 1897, p. 314, c. 384, § 3.   From judgments in favor of defendant in each action, plaintiff appeals.   Affirmed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Dichman, Luckey & Schwartz (John J. Schwartz, of counsel), for appellant.

Job E. Hedges (Louis Frankel, of counsel), for respondents.

SCOTT, J.   These actions are prosecuted for the recovery of a statutory penalty for an alleged failure to permit plaintiff to inspect the defendant corporation's stockbook pursuant to section 53 of the stock corporation law of this state (Laws 1892, p. 1840, c. 688, as amended Laws 1897, p. 314, c. 384, § 3).   That section provides, among other things, that every foreign stock corporation having an office for the transaction of business in this state, except moneyed and railroad corporations, shall keep therein a book, to be known as a "stockbook"; that such book shall be open daily during business hours for the inspection of stockholders and judgment creditors; and that, for any refusal to allow such book to be inspected, such corporation, and the

officer and agent so refusing, shall each forfeit the sum of $250, to be recovered by the person to whom such refusal was made.

The section, as will be seen, is highly penal, and in order to recover under it a plaintiff must bring himself strictly within its terms. The only foreign corporations to which the act applies are those which are "stock" corporations, and which are not either "moneyed or railroad" corporations. The complaint in each of these actions was fatally defective in that, while it stated that the defendant corporation was a foreign corporation, it did not state that it was a "stock" corporation, and was not a "moneyed or railroad" corporation. The rule of pleading applicable to an action of this character is clearly stated in Rowell v. Janvrin, 151 N. Y. 60, 66, 45 N. E. 398, 400, as follows:

"In stating a cause of action arising upon a statute, it is an ancient rule that, where an exception is incorporated in the body of a clause of a statute, he who pleads the cause ought to plead the exception. * * * The reason upon which this rule of pleading rests seems to be that, where a party counts upon the enacting clause of a statute containing an exception as the foundation of his action, he cannot logically state his case unless he negative the exception."

This rule was applied by the Appellate Division in the Fourth Department in an action founded upon an alleged violation of a provision of the general health law. County of Steuben v. Wood, 24 App. Div. 442, 48 N. Y. Supp. 471. In Gunst v. Goldstein, 30 Misc. Rep. 44, 61 N. Y. Supp. 707, a complaint in an action for a penalty for a refusal to exhibit a stockbook was held to be insufficient because it failed to allege that the corporation was a "stock" corporation.

It follows that the complaints in the actions now under consideration were essentially defective and insufficient. The objection was one as to which the defendants were not confined to an objection by demurrer, but could be availed of at any time. The withdrawal of the demurrer did not therefore estop the defendants from raising the objection at the trial. They did so raise it at the opening of the trial, and again at its close, and thus sufficiently apprised the plaintiff of the alleged defect in his pleading, and afforded him an opportunity to amend; of which opportunity, however, he did not see fit to avail himself. The deficiencies of the complaints were not such as could have been cured by the judgment, even if it had gone in favor of the plaintiff, and, in point of fact, the case contains no competent evidence negativing the exceptions contained in the statute. Judgments were therefore properly rendered in favor of the defendants. In this view, it would not benefit the plaintiff if his motion for a new trial on the ground of newly discovered evidence were to be granted. The evidence he seeks to introduce could not cure the fatal defect in his pleading.

The judgments and the orders denying the motions for a new trial must all be affirmed, with costs. All concur.