### BEECHAM v. JACOBS.

(Circuit Court of Appeals, Second Circuit. January 7, 1908.)

#### No. 105.

1. TRADE-MARKS—INFRINGEMENT—RIGHT TO RELIEF—DECEPTION—"PATENT."

Where complainant sold pills that were not patented under the name "Beecham's Patent Pills," the word "patent" was employed in a mere proprietary sense, to indicate that the pills were made according to Beecham's secret formula, and not necessarily that they were manufactured under letters patent, and hence did not constitute such a misrepresentation as to preclude plaintiff from relief in equity against the infringement of plaintiff's trade-mark, "Beecham's Pills."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 94.]

2. SAME—PLACE OF MANUFACTURE.

    False statements as to the place where complainant's goods are manufactured may preclude him from relief in a suit to restrain infringement of his trade-mark.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 94.]

3. SAME.

    Where complainant in a suit to restrain infringement of a trade-mark, "Beecham's Pills," only represented in connection with the sale of the pills that they were prepared and sold by complainant in St. Helens, England, and in New York, a statement that "the pills accompanying this pamphlet are specially packed for U. S. America" was insufficient to show a misrepresentation that the pills were made in England, so as to preclude complainant from equitable relief.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 94.]

Appeal from the Circuit Court of the United States for the Eastern District of New York.

Arthur von Briesen, for appellant.

Gould & Wilkie (Learned Hand, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The bill charges the infringement of the trade-mark "Beecham's Pills." The proof shows that the defendant has deliberately appropriated the name "Beecham's Pills." If the complainant is entitled to enforce his rights in a court of equity, the defendant should be restrained.

But it is urged that the complainant cannot be heard to complain of the defendant's misconduct because his own hands are not clean—that his packages bear such misstatements of important facts as to bar him from relief in equity. The defendant claims: (1) That the complainant falsely states that his pills are patented. (2) That the complainant falsely states that his pills are made in England.

It is admitted that the complainant's pills are not patented. Whether they were ever patented does not appear. On some of his packages the complainant uses the word "patent" as a part of the name of his pills—"Beecham's Patent Pills." It thus appears that the complainant employs the word "patent" in connection with pills which are not patented. If such use of the term amounts to a representation that the pills are manufactured under letters patent, the complainant, by such false assertion, is precluded from relief in equity. Holzapfel's Co. v. Rahtjen's Co., 183 U. S. 1, 22 Sup. Ct. 6, 46 L. Ed. 49; Oliphant v. Salem Flouring Mills, 5 Sawy. 128, Fed. Cas. No. 10,486; Consolidated Fruit Jar Co. v. Dorflinger, Fed. Cas. No. 3,129; Leather Cloth Co. v. American Leather Cloth Co., 11 H. L. Cas. 523.

But it is only in cases where such use is deceptive that the owner of a trade-mark is deprived of a remedy. Where the use of the word in connection with an article does not amount to a representation that the article is patented, it is innocent. The best illustration of this innocent use is in the case of proprietary preparations, which are universally called "patent medicines." So certain enameled leather is always spoken of as "patent leather." Undoubtedly in these and similar cases

the word "patent" was originally attached to the article because it was the subject of a patent. But it has lost that significance and by usage has become merely a part of the name of the article. The complainant's preparation is a patent medicine. In view of the general use of the word "patent" in this connection, we think there was nothing deceptive in incorporating it in the name—"Beecham's Patent Pills." It is employed in the proprietary sense. The natural inference is that the pills are made according to Beecham's secret formula, not that they are manufactured under letters patent.

False statements as to the place where a complainant's goods are manufactured may preclude him from equitable relief. Manhattan Medicine Co. v. Wood, 108 U. S. 218, 2 Sup. Ct. 436, 27 L. Ed. 706. The defendant claims that these principles apply here. But none of the complainant's packages or circulars in use at the time of the commencement of the suit, or years before, contains any false statement as to the place of manufacture. Fairly considered, they state what is true —that the pills are prepared and sold by the complainant in St. Helens, England, and in New York. The statement that "the pills accompanying this pamphlet are specially packed for U. S. America," may possibly suggest their manufacture outside the country, but falls far short of being a false representation.

We find nothing in the case to justify the defendant's contention that the complainant, by misrepresentations, is precluded from relief against the defendant's willful misappropriation of his trade-mark.

The decree of the Circuit Court is affirmed, with costs.