BIGELOW *against* JOHNSON.

In an action on
the 7th section
of the act *to lay
a duty on strong
liquors,* (1 R. L.
178.) where the     IN ERROR, on *certiorari* to a justice's court.
Johnson, the defendant in error, brought an action of debt in

offence charged in the declaration is the selling of strong or spirituous liquors without a license, contrary to the
first clause in that section of the statute, the plaintiff cannot proceed for the offence specified in the subsequent
clause, viz. selling liquors to be drank in the house of the seller without entering into a recognisance.
    Where a penal statute gives no form of declaring, the plaintiff must set forth specially the facts which con-
stitute the offence.

the court below, against the plaintiff in error, and declared generally for the penalty of twenty-five dollars for selling strong and spirituous liquors, contrary to the 7th section of the act to lay a duty on strong liquors, &c. The plaintiff, being called upon for the particulars of his charge, specified certain small quantities of liquors sold to particular persons : the defendant then pleaded the general issue, and at the trial the plaintiff proved his specific charges, and, also, that the liquor so purchased was immediately drank by the purchasers in the defendant's store. The defendant produced in evidence, and relied upon it as his defence, a regular license from the commissioners of excise, permitting him to retail spirituous liquors under five gallons. The justice overruled this defence, and gave judgment for the plaintiff below for the penalty demanded, with costs. ·

*Per Curiam.* The 7th section of the act provides, " that if any person shall sell by retail any strong or spirituous liquors, without having a license, or if any person shall sell any strong or spirituous liquors, to be drank in his or her house, outhouse, yard, or garden, without having entered into a recognisance, every person who shall be guilty of either of the offences aforesaid, shall, for each offence, forfeit the sum of twenty-five dollars." Here are two distinct offences described, viz. one of selling by retail without license, and the other, selling liquor to be drank in the house, &c. without recognisance.

It is a well-settled rule, that in declaring for offences against penal statutes, (where no form is expressly given,) the plaintiff is bound to set forth specially the facts on which he relies to constitute the offence. No form is prescribed by the statute in this case ; and the plaintiff here declared against the defendant for selling spirituous liquors by retail to *A.* and *B.*, contrary to the 7th section of the act. This declaration does not embrace the offence of selling liquors to be drank in the house, &c. without recognisance ; or, at least, it is equivocal. The defendant was not apprized that the latter offence would be charged against him ; and as to the first offence his license was a complete answer.

Judgment reversed.