Nash, J.
 

 In the opinion of the Court below, we entirely concur. The defendant, by signing the writ in blank, and suffering it, in that situation, to leave the office, became responsible for the act of the person, who did issue it, without taking the security as directed by law. He thereby constituted Mr. Read- his agent, or in the words of the Act, Mr. Read was his assistant in issuing it. The language of the 46th section is, “ If any clerk by himself, or his assistant in office &c.” and the 45th directs, “ that the clerk by himself or his
 
 deputy
 
 &c.” thereby recognising in the act to be done by the clerk, before issuing the writ, a difference between the deputy and the assistant. The deputy is an officer, who must take an oath of office, before he enters upon his duties, and those duties continue as long as his appointment endures. An assistant is one, who is called in by the clerk, without any regular appointment, to aid him, either in conducting the business of the office generally, or to aid him in some particular. A. may be his assistant to-day, and B. to-morrow, and they may both be assistants, either in doing the same matter, or divers matters at the same time. But the defendant’s liability in this case is conclusively shown, by the fact that the writ was returned to him, and received by him, and regularly docketed. And he farther became, after its return, the surety on the prosecution bond. By these acts, he recognised and adopted the writ as regularly issued, and is concluded from the defence, that it was done by one not authorised by him. Upon this latter ground, the
 
 *188
 
 opinion of my brother Ruffin is founded, on this part of the case. If there were no other objection to the plaintiff's recovery, we should without hesitation affirm the judgment. But, unfortunately, the record discloses an error, for which the judgment must be arrested. It is a principle in pleading, that the declaration must set forth a good title to that, which is sought to be recovered; if it does not, the defendant may demur, or move in arrest of judgment, or bring a writ of error.
 
 Archb. Civ. PI.
 
 109. In an action upon a statute, to recover a penalty, the plaintiff must set forth in his declaration every fact which is necessary to inform the Court, that his case is within the statute,
 
 Arch. Civ. PI.
 
 106; and it is laid down by Mr.
 
 Ghitty
 
 in his treatise on pleading, 1st vol. 405, that it is necessary, in all cases, that the offence or act charged to have been committed, or omitted, by the defendant, appears to have been within the provision of the statute, and that
 
 all the circumstances necessary to sustain the action, must he alleged.
 
 In
 
 Bigelow
 
 v. John
 
 ston,
 
 13 Joh. R. 429, the same principle is recognised, and the Court state it to be a well settled rule in pleading, that, in declaring for offences against penal statutes, (when no form is expressly given) the plaintiff is bound to set forth,
 
 specially, the
 
 facts on which he relies to constitute the offence. Here no form is presented by the statute. So in Hall’s Rep. 1 vol. 324,
 
 McKeon
 
 v.
 
 Lane,
 
 it is decided by the Court, that the declaration must have sufficient certainty on its face, to enable the Court to know what has been done. Facts are to be stated, not inferences, or matters of law, and the party succeeds upon his facts as alleged and proved; nor will
 
 the
 
 conclusion
 
 contra formam statuti
 
 aid the omission, 1
 
 Saund.
 
 135, IV. 3, 13
 
 East.
 
 258. In the case before us, the declaration states the omission of duty on the part of the defendant to consist, in not taking
 
 sufficient security,
 
 before the writ was issued, but it does not inform us of what that insufficiency consists. Did it consist in not taking
 
 *189
 
 any bond, for that would come within the meaning of the statute, or did it consist in taking security which was known to the defendant, when he took it, to be insufficient. The insufficiency meant by the Legislature must have been one of these two, and could not refer to any deficiency in goodness, arising after the bond taken ; for it would come neither within the letter nor the meaning of the statute ; that evidently refers to the state of the facts at the time when the security ought to have been taken. The declaration, then, is defective : it does not set forth specially the
 
 facts,
 
 upon which the plaintiff relies to constitute the offence ; it has not that certainty on its face, as will enable the Court to see what has been omitted. The plaintiff has satisfied himself by stating only the inference, which the law draws from the facts.
 
 McKay
 
 v.
 
 Woodle,
 
 6 Ired. 358. For any thing that appears on the declaration, the defendant may have taken a bond for the prosecution. If he did, the penalty was not incurred, according to the true construction of the Act, although the surety might not, in fact, have been sufficient, unless the defendant wilfully received him, knowing him to be insufficient. For it was certainly not the intention of the Act to visit the clerk with the penalty, over and above damages to the party, for an innocent mistake as to the sufficiency of the surety. Therefore, the declaration ought to allege, either that the defendant took no bond at all, or that he took a bond from persons that were not sufficient, to the knowledge of the clerk. For it is not enough to bring a ease within the words of the statute; but it must be brought within its meaning and legal effect, and as if the words had fully expressed the meaning. As it is the duty of this Court to look into the whole
 
 record
 
 and pronounce such judgment thereon, as the Court below ought to have done, the judgment must be arrested, for the defect in the declaration.
 

 Per Curiam. Judgment arrested.