STATE v. W. H. HATCH et al.

*Indictment of Public Officer—Public Officers—Neglect of Duty—Evidence.*

1. Public officers are responsible to the people for acts of omission as well as commission.

2. Section 1090 of *The Code* creates two distinct offences—one, the wilful omission, neglect or refusal to discharge the duties of an office, which is punishable by fine and imprisonment; the other, the wilful and corrupt action of an officer, by omission or commission, contrary to his oath of office, which is punishable by removal from office and by fine and imprisonment.

3. To convict an officer of wilful omission, neglect, or refusal to discharge his duty, a corrupt intent need not be shown.

4. The sale by County Commissioners of County property, at a grossly inadequate price and for less than could have been obtained by reasonable effort, and without opportunity for competition, is evidence of omission of duty under Sec. 1090 of *The Code.*

5. Honesty and good intent are not a full defense against an indictment for neglect of duty, if there is evidence of wilful carelessness in the discharge of official duty, resulting in injury to the public.

INDICTMENT against W. H. Hatch and others, County Commissioners, for wilful neglect of official duty. From a judgment for the State the defendants appealed. The facts appear in the opinion of Associate Justice CLARK.

*Mr. Jas. C. MacRae* with *Attorney General,* for the State.

*Mr. H. A. London,* for defendants (appellants).

CLARK, J.: The corner-stone of our system of government is that it is a government "of the people, by the people and for the people." It follows, that any public

officer is a public servant, responsible to the sovereign, the people. The responsibility attaches for acts of omission, as well as commission. For such malfeasances, the trial for some officials is by impeachment, for those of lesser degree by indictment and trial by jury. Section 1090 of *The Code* creates two distinct offences: One is the wilful omission, neglect or refusal to discharge any of the duties of his office. This is a misdemeanor, punishable by fine and imprisonment not exceeding two years. The other is the wilful and corrupt action of an officer, whether by commission or omission, contrary to the true intent of his oath of office. Upon conviction for the latter offence, termed by statute misbehavior in office, the officer must, by the sentence of the court, be removed from office besides being fined and imprisoned at the discretion of the court. *State* v. *Pritchard*, 107 N. C., 921. The first offence is for negligence, or other misconduct in official duties without corrupt intent, and is simple malfeasance, misfeasance or non-feasance. The second is such malfeasance, misfeasance or non-feasance with a corrupt intent.

In this case there is no proof of corrupt intent, but the charge is that the defendants wilfully and unlawfully neglected and omitted to discharge the trust reposed in them, by "selling for the sum of twenty-one dollars, a price grossly inadequate and less than could by reasonable effort have been obtained in cash, 35,000 shingles readily worth seventy dollars." There was evidence sufficient to go to the jury to prove the charge. The shingles had recently cost the County $87.50 and they were sold by the chairman at private sale (together with some lumber of his own) at twenty-one dollars, and the other defendants had assented to his action. There was no advertisement, and the defendants offered no evidence that they had made inquiry or endeavored to get a better price. The Court correctly

refused to charge that unless a corrupt intent was shown the jury must acquit, and told the jury if the defendants wilfully and negligently omitted or refused to perform their duty, or negligently and wilfully abused their discretion in regard to the sale of the shingles, as charged in the bill of indictment, the defendants were guilty. To the above charge and refusal to charge the defendants excepted. The jury found them guilty. They were fined one penny each and appealed.

There is no exception to the indictment or the admissibility of evidence. The Judge told the jury that the defendants had the right to sell at private sale. The conviction is not for selling at private sale nor at a low price, but for wilful negligence in not caring for the County property by selling "at a grossly inadequate price and at much less than by reasonable effort could have been obtained." The County is entitled to be protected not only against dishonesty in the sale of public property, but against want of reasonable effort to obtain a fair price. The gross inadequacy in the price obtained and the sale without opportunity given in some way, either by inquiry or advertisement, for competition was simply evidence offered to show negligence in the discharge of this duty, to obtain a fair price.

The indictment under the first clause of the Act, which is but an affirmance of the common law, lies against officers for wilful neglect of duty, not for mere errors of judgment. 2 Wharton Cr. Law, Sec. 1568. But we think that the charge is sufficient in this respect and under the instruction given by the Court the jury must have concluded that the neglect was wilful.

In *State* v. *Hawkins*, 77 N. C., 494, it is held that any public officer is liable to indictment at common law for any wilful neglect of his duties or any abuse of his powers. The

sale of the shingles in question was a matter entrusted to the defendants as public officers.  They did not sell them corruptly.  But it is found by the jury that they negligently sold them at less than one-third their cost and at a price grossly inadequate and less than could with reasonable effort have been obtained for them.  Was a sale made by them without such reasonable effort, and thereby devolving loss on the county, a wilful neglect or abuse of the powers and duties entrusted to them ?  It would seem clear that it was. If it was not, then it could hardly be possible to find an instance in which the common law or the first part of section 1090 would apply, but public officers would be liable for no malfeasance except in cases in which a corrupt intent is alleged and proved.  This cannot be the law.  Whether such conduct is an omission or neglect of duty which comes within the first clause of section 1090 of *The Code*, or is a neglect of duty at common law, is immaterial.  In the present case, honesty and good intent are not a full defence. However honest the defendants may be (and their honesty is not called in question) the public have a right to be protected against the wrongful conduct of their servants, if there is carelessness amounting to a wilful want of care in the discharge of their official duties, which injures the public.

No Error.