ALICE A. SHAFFER v. MOSES A. BLEDSOE and DONNA M. BLEDSOE.

*Execution Sale—Return of Sheriff—Advertisement and Notice—Adverse Possession—Evidence.*

1. The requirement of Sections 456 and 457 of *The Code* that notice of the sale under execution must be published four weeks and a copy of the advertisement must be served on the judgment debtor ten days before the sale is only directory, and if the return of the sheriff shows that he duly advertised the sale and gave the notice to the debtor, the purchaser will acquire title under the sheriff's deed.

2. An instruction that defendant in an action for the recovery of land must show adverse possession of the land for twenty years, and that such possession, if adverse, well known and uninterrupted for that length of time, would give defendant a good title, is correct.

3. An unregistered, undated and unwitnessed endorsement on a bond for title, purporting to assign the obligee's interest in the land referred to in the bond to another, is inadmissible in evidence without proof of its execution.

4. In the trial of an issue as to whether a *feme* defendant had maintained adverse possession of land alleged to have been conveyed to her by her husband (her co-defendant and the defendant in the execution under which plaintiff claimed the land), evidence of the husband's solvency prior to and at the time of such alleged conveyance was inadmissible.

CIVIL ACTION, for the recovery of land, tried before *Coble*, *J.*, and a jury, at October Term, 1895, of WAKE Superior Court. There was a verdict for the plaintiff, and from the judgment thereon defendants appealed. The facts appear in the opinion of Associate Justice MONTGOMERY.

*Mr. T. R. Purnell*, for plaintiff.
*Mr. J. C. L. Harris*, for defendants (appellants).

MONTGOMERY, J. : This action was brought by the plaintiff against the defendants Moses A. Bledsoe and Donna M. Bledsoe, his wife, for the possession of certain lots of land situated in the city of Raleigh. The plaintiff claims title to the property under a deed executed to her by the sheriff of Wake county by virtue of a sale under two executions, one in favor of the Raleigh National Bank and the other in favor of C. H. Belvin, both against Moses A. Bledsoe, issued to him from the superior court of Wake county. The answer makes a general denial of the plaintiff's right to recover. The defendants asked the court to charge the jury that the return of the sheriff on the executions, under which the land was sold, failed to show that notice of sale was posted according to law, and also failed to show that a copy of the advertisement of sale was served on the defendants ten days before sale. This request was properly refused by his Honor. Upon the executions the sheriff made his return of the levy and sale, in which he stated that he had duly advertised the sale of the land and had also given notice to the debtor of the sale. If the

return in any respect as to advertisement and notice should be considered defective, the prayer for the instruction was properly refused. Sections 456 and 457 of *The Code*, which require such advertisement and notice by the sheriff, have been held to be only directory. *Burton* v. *Spiers*, 92 N. C., 503; *Dula* v. *Seagle*, 98 N. C., 458. The plaintiff in support of her title had introduced the executions against the defendant, Moses A. Bledsoe, from the superior court of Wake and the returns thereon, showing the sale and the sheriff's deed for the land which is the subject of the litigation, and had also proved that the defendants were still in possession. That was sufficient to pass the title to the purchaser, she being a stranger to the judgment and execution. *Lee* v. *Bishop*, 89 N. C., 256; *McKee* v. *Lineberger*, 87 N. C., 181. The defendant also requested the court to charge the jury " that if Donna M. Bledsoe (wife of the other defendant) has had adverse possession, under metes and bounds for 21 years, of the land described in the bond for title (one of the tracts in litigation) the plaintiff is not entitled to recover." His Honor did not give the instruction as prayed, but told the jury that if they believed the testimony the plaintiff had made, *prima facie*, a case sufficient to entitle her to recover all the land described in the complaint " unless defendant has satisfied you that Donna M. Bledsoe has been in the adverse possession of the land or some part of it—the land described in the bond for title—for more than twenty years. Twenty years' adverse possession of any part of the land would entitle defendant Donna M. Bledsoe to have you answer the fourth issue (Is Donna M. Bledsoe wrongfully withholding possession of the land described in the bond for title executed by M. M. Henry to M. A. Bledsoe?), ' No.' Her possession, if adverse, well known and uninterrupted for that length of time, would give her a good title to that part of

the land.". The defendants have no cause to complain of the instruction given by his Honor in the place of the one they offered. In substance it clearly instructed the jury as the defendants had requested, though not in the language of their prayer. The addition made by his Honor was proper and fitted the circumstances of the case.

On the trial the defendant, Moses A. Bledsoe, produced the original bond for title to one of the lots of land in controversy, executed by Margaret Henry to him (the plaintiff having already introduced a certified registered copy of the same) and offered to read without proof of the execution an unregistered and undated and unwitnessed writing on the back of the bond, purporting to have been signed by himself, as evidence of his assignment and conveyance of his interest, in the land described in the bond, to his wife, the other defendant. The writing is in the following words : " For and in consideration of five hundred dollars, the receipt whereof is hereby acknowledged, I hereby bargain, sell, assign and convey to Donna M. Bledsoe and her heirs all my right, title and interest in and to this bond and the land therein described." His Honor refused to allow the writing to be read, and the defendant excepted. The exception cannot be sustained. Proof of the same was necessary before it could be used for any purpose.

The defendant Moses offered to show that his wife took possession of the land under the unregistered and undated assignment of the title bond twenty-two years before the trial, and " that he had ample means, exclusive of the land described in the title bond and in the complaint unincumbered, to much more than pay all his liabilities." The testimony was rejected, and the defendant excepted. It ought not to have been received, and his Honor ruled correctly in refusing it.

The only question before the Court was as to the title to

and right of possession of the land.    The defendants set up as their title the uninterrupted and adverse possession of the same under known and well defined metes and boundaries for more than twenty years: and the question of solvency or insolvency of the defendants, or either one of them, could in no wise throw light on that subject. Besides, the jury had already under proper instructions foundthat the defendant Donna had not been in the open, uninterrupted and adverse possession of the lot described in the title bond for more than twenty years.    The prayer for this instruction was based upon an assumption of fact which the jury had found against the defendant Donna.

The other exceptions were based on the failure of the sheriff to allot to the defendants a homestead in the land in controversy, but were abandoned on the argument before this Court.    The defendant Moses A. Bledsoe had had allotted to him a homestead in other of his lands.

There was no error in the rulings of the court below and the judgment is affirmed.

Affirmed.