STATE v. DOCK DEYTON.

*Indictment for Carrying Concealed Weapon—Criminal Actions—Appeal—Failure to Docket—Duty of Clerk— Neglect of Duty by Public Officer.*

1. An appeal by the State in a criminal action not docketed in the Supreme Court until two terms have lapsed will be dismissed.

2. It being the duty of a clerk of the superior court to send up the transcript of a record in a criminal action, whether the fees are paid or not, *it seems* that he would be indictable for neglect of duty.

3. A mere servant or hireling who carries concealed weapons on the premises of his employer is indictable.

INDICTMENT for carrying concealed weapons, tried before *Bryan, J.*, and a jury, at Fall Term, 1895, of YANCEY

Superior Court.    The jury rendered a special verdict as follows :

" The jury find that the defendant carried the pistol concealed about his person in Yancey county, N. C., during the summer of 1894, as alleged in the bill.    They further find that at the time he carried the pistol, he was engaged by the day to work for one M. P. Honeycutt, on his (Honeycutt's) possession ; that he had worked some 4 or 5 days when the pistol was seen on his person at said Honeycutt's ; that he worked some 25 or 30 days in all ; that Honeycutt gave the defendant board and lodging during the time he was so engaged in said work and paid him fifty cents per day for his services.    The jury is not apprised as to the law.    If the court be of the opinion that defendant was off his own premises while at work for Honeycutt, they find him guilty as charged in the bill ; but if the court be of opinion that the defendant was not off his own premises while working for  Honeycutt as alleged, they find him not guilty."

His Honor holding that defendant was not off his own premises, a verdict of not guilty was entered and the State appealed.    The appeal not having been docketed until this (September 1896) Term of this  Court, the  defendant moved to dismiss.

*Attorney General*, for the State.
No counsel *contra*.

CLARK, J.: This is an appeal by the State upon a special verdict at Fall Term of YANCEY Superior Court October, 1895.    It might readily have been docketed here at Fall Term, 1895, and should have been at the latest during Spring Term, 1896, or if the failure to do so was not the negligence of the appellant, a writ of *certiorari* should

119—56

have been asked at Spring Term, and as neither was done it is too late to docket the appeal at this Term.   Rule 5 of this Court : *Porter* v. *Railroad*, 106 N. C., 478; *Hinton* v. *Pritchard*, 108 N. C., 412.   The rule applies in both civil and criminal cases, and there is no reason why public officials should not be held to due diligence as well as other people.   There is no excuse shown, and there is no suggestion that the case was held back for improper motives, which would justify the Court now ordering it to be docketed to prevent a default of justice. There is no blame attaching to the Attorney General, as he could not have applied for a *certiorari* in ignorance of the fact that such an appeal had been taken.   It is possible, but not probable, that the Solicitor was negligent in not directing the case sent up, or in notifying the Attorney General that it had not been, so that he might apply for a *certiorari.*   If the Solicitor had learned in time that it had not been sent up, he could, and doubtless would, have had it done.   It has been suggested here that it was the negligence of the clerk, for it is his duty to send up the judgment roll and the " case on appeal " in twenty days after the case is filed in his office (*Code*, Sections 551 and 1234), and here there being no " case on appeal " but only the judgment roll, including the special verdict and judgment, which were filed, of course, during the term, it was the clerk's duty to have sent the transcript up within twenty days after the court adjourned.

Attention was called in *State* v. *Hatch*, 116 N. C., 1003, to the fact, which sometimes is lost sight of, that public officers are public servants, and for wilful negligence in the dischaige of a public duty are liable to indictment (*Code*, Section 1090), except only such officials as are subject to impeachment.

It is true that the clerk is not compelled to send up

the transcript in any civil case unless paid his just and legal fees therefor. (*Speller* v. *Speller*, at this term, and cases there cited), but it is otherwise as to appeals in criminal actions, both as to the defendant (whether appealing in *forma pauperis* or not) and the State. *State* v. *Nash*, 109 N. C., 822. The transcript sent up is very informal, but the Court, *ex mero motu*, could send down a *certiorari* to correct these defects if the appeal had been docketed in time.

In this case the defendant escapes punishment for his crime (fortunately not a grave one) by the negligence of a public servant in not sending up the transcript of the record in the time required by law; for the only point raised by the special verdict, to-wit, the liability of a mere servant or hireling for carrying a concealed weapon on the premises of his employer, was incorrectly decided against the State by his Honor. *State* v. *Terry*, 93 N. C., 585. But the appeal having been docketed too late, the defendant, appellee, has a right to have it dismissed.

Appeal Dismissed.