L. L. STATON *v.* GEORGE L. WIMBERLY.

(Decided February 22nd, 1898.)

*Action for Penalty--County Commissioner—Neglect of Official Duty—Practice—Directing Verdict.*

1. A County Commissioner is liable to the penalty imposed by Section 711, of *The Code*, when he acts corruptly or grossly, intentionally and wilfully neglects or refuses to perform his duty; but where he commits an error in the honest exercise of his judgment he is not liable to the penalty.

2. In the trial of an action for the penalty under Section 711, of *The Code*, for defendant's failure and neglect, as County Commissioner, to construct a draw in a county bridge across a river, it appeared that there had been a question whether the stream above the bridge was navigable, and that during six months or more of the year the water was insufficient to float the plaintiff's or other boats and that the draw had been put in by the Board of Commissioners, of which defendant was a member, as soon as the question of the navigability was determined by the Engineering Department of the United States Government; that the plaintiff owned a boat which plied at times, above the bridge, and that defendant was a man of excellent character, and had for 16 years discharged his duty as Commissioner;

*Held*, that it was proper for the trial Judge to direct a verdict for the defendant.

3. It is proper to direct a verdict for the defendant in an action for a penalty, in a case where it would be the duty to set aside the verdict, if rendered against him.

CIVIL ACTION to recover a penalty under Section 711 of *The Code*, tried before *Timberlake, J.*, on appeal from the judgment of a Justice of the Peace, at June Term, 1897, of EDGECOMBE Superior Court. The facts appear in the opinion of the Court. His Honor instructed the jury that, upon all the evidence, the plaintiff was not entitled to recover, and a verdict having been rendered accordingly, judgment was given for the defendant and plaintiff appealed.

*Messrs. Staton & Johnson* for plaintiff (appellant.)

*Mr. John L. Bridgers* and *Messrs. Battle & Mordecai* for defendants.

FAIRCLOTH, C. J.: This is an action against the defendant, as County Commissioner, to recover a penalty of $200, under *The Code*, Section 711, for failing to construct a draw span in the county bridge across Tar River at Tarboro, which section declares a failure of duty to be a misdemeanor and makes the offender also liable to a penalty of $200.

On the lower border of the town a railroad bridge spans the river and 300 yards above is the county bridge in question, entering said town. Three miles above, the plaintiff had located his cotton seed oil mill and used a boat on said river to and from his mill for transportation of his material and products of the mill. Somewhere above the mill another railroad bridge spanned said river with a draw in it. The lower bridge had no draw, until the plaintiff sued and recovered damages,

prior to the demand in the present case, when the draw was built.    Prior to March 5, 1895, it was the duty of the County Commissioners to consult and advise with the board of magistrates in such matters, which they did, and the board declined to construct the draw because it was unnecessary and would be oppressive to the tax-payers.    After that date the duty devolved solely on the Board of Commissioners.

The plaintiff complained to the Engineering Department at Washington, D. C., and on notice a full hearing was had in July, 1895, when the Department decided that a draw must be put in, and as soon as practicable it was put in and accepted by the authorities.

It appeared that during six months or more of the year, the water above the bridge was insufficient to float plaintiff's or other boats.    There was conflicting evidence as to whether the river above the bridge was a navigable stream.

The plaintiff insists upon the above facts that the defendant was negligent and liable to the consequences imposed by said Section 711, of *The Code*.    It was proved by plaintiff that the defendant's character was "excellent—none better," and that he had been a faithful officer to the County for 16 years.

The defendant relies on the following facts and conditions as a defence :

1.    That said bridge was erected and kept up more than a century without any draw in it and is well above the river.

2.    That no attempt has been made to navigate the river above the bridge until plaintiff did so.

3.    That said river is not *stricti juris* navigable, and in such cases it is the duty of the plaintiff at his own

expense to construct the draw by the express terms of *The Code*, Section 3719.

4. That plaintiff transferred the question to the Engineering Department of the United States Government, and that, after full hearing and the decision was made, the defendant had the draw put in as soon as practicable, and the delay was reasonable.

5. That *The Code*, (Sec. 707 (15), 2053) requires that draws be provided only when and where the same "may be necessary to allow the convenient passage of vessels."

His Honor held that upon the evidence the plaintiff could not recover and directed a verdict for the defendant. This is the principal question.

Official corruption is not necessary to impose liability for neglect of duty to the public in the discharge of official duties. When gross negligence, intentional neglect and wilful refusal are apparent and established, the penalty follows, and upon that ground the defendant was held guilty in *State* v. *Hatch*, 116 N. C., 1003, without imputing corruption. Any officer, judicial or ministerial, acting corruptly, whether under or without law, is responsible civilly or criminally, but if he acts honestly in the exercise of his judgment and commits an error, he is not criminally liable. *State* v. *Powers*, 75 N. C., 281.

From the evidence sent to this Court we are unable to see that the defendant's conduct was unreasonable. In view of the questionable navigable character of the river above the county bridge, he might well have hesitated, with the provision of *The Code*, Section 3719, before him; and his prompt action in constructing the draw, as soon as the question was settled, excludes the idea of *wilful* negligence or refusal to do his duty.

In England the Common Law rule of ebb and flow of

the tides determines whether the stream is navigable, but in North Carolina the rule is, if the water is sufficient to carry a sea vessel the stream is navigable without regard to tides. In streams of less water, navigable only at certain periods, they constitute another class. *State* v. *Glen*, 52 N. C., 321; *Code*, Section 3719.

Looking through the matter we do not see any evidence amounting to gross carelessness or wilful negligence, without which the defendant is not liable civilly or criminally, and, if the case had gone to the jury and a verdict of guilty returned, it would have been the duty of His Honor to set the verdict aside. The law allows some discretion in the Board of Commissioners by express terms of the statute, and we do not see any abuse of that discretion. His Honor properly directed a verdict of not guilty. This view renders any consideration of any other question unnecessary.

Affirmed.