STATE v. JOHN A. DICKSON. R. K. PRESNELL, JOHN GARRI-
SON, T. J. GILLIAM, SAM HUFFMAN, AND N. L. BEACH,
Commissioners of the Town of Morganton.

(Decided May 10, 1899).

*Indictment—Town Commissioners—Repair of Streets.*

1. One of the principal duties of a municipal corporation is the proper maintenance of its streets, and for a neglect of this duty the corporation is liable in damages.

2. It is a general rule, that all public officers, with some few well recognized exceptions are liable to indictment for neglect of duty.

INDICTMENT against the Town Commissioners of Morganton for failing to keep a public street of the town in proper repair, tried before *L. L. Green, J.,* at Fall Term, 1898, of the Superior Court of BURKE County.

The indictment was as follows:

THE STATE OF NORTH CAROLINA—BURKE COUNTY.
     Superior Court, Fall Term, 1898.

The jurors for the State upon their oaths present, that John A. Dickson, R. K. Presnell, John Garrison, T. J. Gilliam, Sam Huffman, and N. L. Beach, Commissioners of the

STATE *v.* DICKSON et als.

town of Morganton, late of the County of Burke, on the 1st day of May, in the year of our Lord, one thousand, eight hundred and ninety-seven, with force and arms at and in the county aforesaid, unlawfully and wilfully did fail, refuse and neglect to have the road leading from the depot to Huntling Creek worked out and kept in proper repair. The same being a public road or street and within the corporate limits of the town of Morganton, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

I. F. SPAINHOUR,
                                                    *Solicitor.*

The defendants moved to quash the bill—which motion was allowed by the Court, and the Solicitor appealed.

*Mr. Zeb. V. Walser,* Attorney General, for the State (appellant).
*Mr. S. J. Ervin,* for defendant.

DOUGLAS, J.   This is a criminal action founded upon a bill of indictment charging that the defendants "Commissioners of the town of Morganton," on the first day of May, 1897, "unlawfully and wilfully did fail, refuse and neglect to have the road leading from the depot to Hunting Creek worked out and kept in proper repair, the same being a public road or street and within the corporate limits of the town of Morganton."

The defendants moved to quash the bill, which motion was granted, and the State appealed.

The ground of the motion does not appear in the record; but is thus stated in the brief of defendants' counsel: "The indictment does not charge any criminal offence. It was not

the duty of the defendants to work the streets of the town of which they were Commissioners, nor does any statute provide that they shall have the same worked. Their duty is discharged when they provide for keeping in proper repair the streets of the town."

We are aware that there are many cases holding in substance that it is not the duty of the Town Commissioners personally to work the streets and that an indictment to be valid must distinctly state the neglect or violation of some public duty; but we do not understand these cases to hold that there is no duty whatever imposed upon such officers of keeping the public streets in such reasonable repair as is demanded by the public safety and convenience. Section 3803 of The Code provides that "They shall provide for keeping in proper repair the streets and bridges in the town, in the manner and to the extent they may deem best."

Surely this Section imposes some duty in relation of the repair of streets, and while it allows a wide discretion, we do not think that such discretion extends to the entire neglect of the duty imposed. We know that one of the principal duties of a municipal corporation is the proper maintenance of its streets, and for a neglect of this duty the corporation is liable in damages. This is well settled law, and was reaffirmed at this term of the Court in *Dillon v. City of Raleigh.* Large sums of money are annually collected in taxes and appropriated to the maintenance and improvement of the public streets. Can it be possible that men, holding responsible municipal offices and disbursing large sums of public money, have no legal duties whatsoever imposed upon them by virtue of their office; or if having such duties, that they are in no way responsible for their faithful performance? It is a general rule that all public officers, with some few well recognized exceptions, are liable to indictment for

neglect of duty. Bishop's Criminal Law, Section 459, says: "Any act or omission in disobedience of official duty, by one who has accepted public office, is, when of public concern, in general punishable as a crime." Mecham Pub. Off., Section 1022, 1025; Throop Pub. Off., Sections 855, 856; 19 Am. and Eng. Enc. of Law, 502; *State v. Hatch,* 116 N. C., 1003.

As we are of the opinion that it is the duty of municipal officers to cause the public streets to be kept in proper repair, we see no reason why they should not be held criminally liable for its neglect as for the neglect of any other public duty.

We think the indictment sufficiently describes the offence as neglecting to keep a public street in proper repair. What is proper repair would depend largely upon circumstances, such as the size of the town and its available funds, the character and location of the street and the amount of travel thereon; but that question is not now before us.

As we see no reason why Town Commissioners should be exempt from the general responsibility of public officers, the judgment of the Court below quashing the indictment must be reversed.

Reversed.