TURNER v. McKEE.

(Filed December 17, 1904).

1. JUSTICES OF THE PEACE—*Pleadings—Penalties—Counties—*
*The Code, secs. 840, 711, 754, 259.*

A complaint before a justice alleging the non-payment of $200 due
by reason of the penalty accrued under section 711 of The Code
for neglect of duty as a member of the board of commissioners,
for his failure to require an itemized account, fully verified
by the oath of the claimant, before he audited and approved
such account, as required by section 754 of The Code, states a
cause of action.

2. COUNTIES—*Commissioners—Accounts—The Code, secs. 754, 272.*

The statute providing that no account shall be audited by a board
of county commissioners unless it is itemized and verified, is
mandatory, and does not confer any discretion upon the com-
missioners.

WALKER and CONNOR, JJ., dissenting.

ACTION by C. D. Turner against B. H. McKee, heard by
*Judge H. R. Bryan,* at August Term, 1904, of the Superior
Court of ORANGE County. From a judgment for the defend-
ant the plaintiff appealed.

*C. D. Turner, in propria persona.*
*Graham & Graham* and *S. M. Gattis,* for the defendant.

CLARK, C. J. The Code, sec. 754, provides that "no ac-
count shall be audited by the board (of county commission-
ers) for any services or disbursements, unless it is first made
out in items and has attached to and filed with it the affidavit
of the claimant that the services therein charged have been
in fact made and rendered and that no part thereof has been
paid or satisfied."

This is a very explicit and very wise provision of the law-
making power. It is of the highest importance to the public

that this requirement should always and everywhere be strictly observed. The law-makers were so fully persuaded of the necessity of county commissioners observing this and similar provisions, that it is further provided by The Code, sec. 711, that "any commissioner who shall neglect to perform any duty required of him by law as a member of the board shall be guilty of a misdemeanor and shall also be liable to a penalty of $200 for each offense, to be paid to any person who shall sue for the same."

Not satisfied with placing the county commissioners under the supervision of the grand jury and solicitor, the Legislature added a *qui tam* action, thus making it to the special as well as general interest of any citizen to see that the duties imposed upon the commissioners are faithfully executed. The plaintiff accordingly brought this action against one of the county commissioners before a justice of the peace "for the penalty of $200 accrued under section 711 of The Code of North Carolina for neglect of duty required of him as a member of the board of commissioners, for failing to require an itemized and verified account to be filed by John Laws before auditing the said account, as required by section 754 of The Code." This was stated in the summons. In his return to the appeal the justice stated: "The plaintiff complained of non-payment of $200 due by reason of the penalty accrued under section 711 of The Code for his neglect of duty as a member of the Board of Commissioners of Orange County, for his failure to require an itemized account, fully verified by the oath of John Laws, before he audited and approved said account, as required by section 754 of The Code. The defendant demurs to the complaint in this action for that the plaintiff in said complaint does not state facts sufficient to constitute a cause of action, in that it fails to show what accounts, if any, the defendant is liable to the plaintiff for the

penalty sued for," and the justice of the peace added that he dismissed the action at the plaintiff's cost.

On appeal the Judge "sustained the demurrer and (there being no amendment asked) affirmed the judgment of the justice of the peace dismissing the action." This was error. The Code, sec. 840, Rule 5, provides, as to proceedings in the Justice's Court: "Pleadings are not required to be in any particular form but must be such as to enable a person of common understanding to know what is meant." The allegation of "neglect of duty in failing to require" an itemized and verified account is a charge of negligently failing to do so. The statutes (sections 754 and 711) are also referred to in stating the cause of action.

The defendant certainly must have known what was meant here, and that he was sued for "a penalty of $200 under section 711 of The Code for neglect of duty as a member of the Board of Commissioners of Orange County, for his failure to require an itemized account, fully verified by the oath of John Laws, before he audited and approved said account, as required by section 754 of The Code." The magistrate understood exactly what the action was for and thus clearly states it in his return. It is impossible that the defendant and his counsel did not understand it. The defendant, a public officer, thus clearly charged with a failure to discharge a public duty, should have answered, either admitting or denying the charge, or setting up his defense. In *Staton v. Wimberly,* 122 N. C., 107, the Court said that the statute imposing the duty, whose violation was there alleged, "allows some discretion in the board of commissioners by the express terms of the statute," and that the evidence failed to show any abuse of that discretion. The Code, section 754, does not confer any discretion, but is mandatory in requiring the account to be itemized and sworn. Whatever defense the defendant has must appear by the answer and on the trial. There has been

no such failure to state a cause of action as to justify a dismissal of the action.

It does not appear that there was more than one account audited in favor of John Laws, and, if there had been, the plaintiff could have made out his allegation upon the trial by showing any one account or all of the accounts of John Laws, which had been audited without being itemized and verified as required by the statute—other than those whose illegal auditing was protected by the statute of limitation, if pleaded. If the defendant desired fuller information before pleading he should not have demurred but have asked for a bill of particulars. "The Court may in all cases order a bill of particulars" (The Code, sec. 259), and even in criminal cases, *State v. Brady,* 107 N. C., 882. See cases cited in Clark's Code (3 Ed.), p. 274. But here the defendant was even better informed than the plaintiff. It was plain to the defendant "what was meant" by the proceeding and he needed no further information to set up his defense.

An indictment of a public officer for neglect of duty, not more explicit than here, was sustained in *State v. Dickson,* 124 N. C., 871. In *State v. Hatch,* 116 N. C., 1003, it was held that "Carelessness amounting to a willful want of care in the discharge of official duties" justified a verdict of guilty even under section 1090 of The Code, and that honesty and good intent are not a full defense, because there may be neglect of duty without any corruption in office. This has been cited with approval in *Stanly v. Baird,* 118 N. C., 83; *Sanders v. Earp,* 118 N. C., 279; *State v. Oswalt,* 118 N. C., 1213, 32 L. R. A., 396; *State v. Deyton,* 119 N. C., 882; *Staton v. Wimberly,* 122 N. C., 110; *State v. Dickson,* 124 N. C., 874. We are not anticipating any defense the defendant may set up, but merely hold that a sufficient cause of action has been stated under The Code, sections 754 and 711, when the facts herein alleged are admitted by a demurrer, especially

when the pleading was in a court of a justice of the peace, and no repleading was ordered on the hearing of the appeal in the Superior Court.

The judgment dismissing the action must be reversed. The demurrer should be overruled, with leave to the defendant to answer over.    The Code, sec. 272.

Reversed.

Douglas, J., concurring.    I am much impressed with the able and elaborate dissenting opinion of Justice Connor and heartily agree to nearly all he says, and yet I cannot come to his conclusion.    It may be that I am unduly influenced by my disinclination to permit a public officer to meet a charge of official misconduct with a mere demurrer.    I think he should answer, and if he needs any further information for his defense, let him ask for a bill of particulars or move the Court to "require the pleading to be made definite and certain by amendment," as provided in section 261 of The Code.·    I cannot think that the defendant is so entirely ignorant in fact as he may be in contemplation of law.    I am still of the opinion that "an informer has no natural right to the penalty, but only such right as is given by the strict letter of the law," as was said in *Dyer v. Ellington,* 126 N. C., 941.    I also think that the statute being penal in its nature, although the action thereon is said to be civil, should be strictly construed in furtherance of substantial right, and that faithful public officers, honestly striving to do their duty within the letter and spirit of the law, should not be held liable for omissions purely technical in their nature and immaterial in their results. On the other hand, no matter how high their character or how honest their general intentions, they cannot be permitted to treat with indifference laws passed for the protection of the public whose servants they are.    Let them render an account when called on, and if they are faithful they will receive the

fullest measure of justice.   I do not mean to intimate any opinion as to the facts of this case, because I know nothing of the facts.   They are to be passed on by the jury, with whose functions I have neither the wish nor the right to interfere. While this is not a criminal prosecution, it seems to me that it comes within the general rule of official conduct discussed in *State v. Dickson,* 124 N. C., 871.   I concur in the opinion of the Court.

WALKER, J., dissenting.   My first impression of this case was that the plaintiff had alleged facts sufficient to constitute a cause of action, and while he had not pleaded with technical accuracy and perhaps had stated his grievance somewhat inartificially, yet there was just enough said to require an answer from the defendant.   A more careful and critical examination of the case and a better understanding of the facts convince me that my first impression was not correct, and that there are defects in the complaint which, in the present state of the case, namely, a defective complaint and a demurrer thereto sustained, must be fatal to the plaintiff's recovery, at least in this action.   The pleadings in the justice's court were oral, but the cause of action is set out in the summons, and the substance of it, which is stated in the return of the justice as required by The Code, section 840, Rule 2, is as follows: "The plaintiff complained of the defendant for the non-payment of the sum of $200 due by reason of penalty accrued under section 711 of The Code of North Carolina, for his neglect of duty as a member of the Board of Commissioners of Orange County; for his failure to require an itemized account, fully verified by the oath of John Laws, before he audited and approved said account, as required by section 754 of The Code."   The duty, for a breach of which the plaintiff claims a penalty, is thus prescribed by law: "No account shall be audited by the board for any services or dis-

bursements unless it is made out in items and has attached to and filed with it the affidavit of the claimant that the services therein charged have been in fact made and rendered, and that no part thereof has been paid or satisfied.   Each account shall state the nature of the services, and where no specific compensation is provided by law it shall also state the time necessarily devoted to the performance thereof.   The board may disallow or require further evidence of the account, notwithstanding the verification."   The Code, sec. 754.   The penalty for a violation of the duty required by that section is imposed by section 711 as follows: "Any commissioner who shall neglect to perform any duty required of him by law as a member of the board shall be guilty of a misdemeanor, and shall also be liable to a penalty of $200 for each offense, to be paid to any person who shall sue for the same."   lt will be observed that by section 754 it is provided that the duty of the commissioners to require an itemized account shall extend only to accounts for services rendered and disbursements made by the claimant for the benefit of the county, and the requirement that the statement shall be verified is confined only to accounts for services thus rendered.   In the latter case the claimant must not only itemize his account, but must make oath "that the services therein charged have been in fact made and rendered, and that no part thereof has been paid or satisfied."   The use of the word "made" in that part of the section last quoted would indicate that it was intended that accounts for disbursements should also be verified, as the verb "made" would aptly apply to disbursements, whereas it does not to services.   We would not, in correct speech, use the term "services made" by the claimant.   This apparent inaccuracy in the form of expression cannot, as we will presently see, have the effect to enlarge the scope of the statute or to extend its operation beyond the meaning of the words actually used.   But if it could have such effect in the interpretation of

137——17

a penal statute, and the section be construed to require an itemized and verified statement, both in the case of accounts for services performed and in that of disbursements made for and in behalf of the county, we still think that plaintiff's case as stated in his complaint is without the statute, as from the statement of the legislation upon this subject which we have made, it seems clear, upon the settled principles of construction applicable to penal enactments, that no one of the duties required to be performed by the commissioners comes within this case so as to subject the defendant to the penalty imposed by section 711 of The Code.

It is perfectly familiar learning, being one of the first principles of statutory interpretation, that penal laws must be construed strictly and it is not permissible to enlarge their operation by implication nor by any equitable construction, but we must ascertain their meaning only by the express letter. They must be restricted to the plain import of the language used to convey the intent of the Legislature. *Smithwick v. Williams,* 30 N. C., 268; *Coble v. Shoffner,* 75 N. C., 42; *State v. Midgett,* 85 N. C., 42. In declaring upon a penal statute certain rules of pleading, besides the general rules, are specially applicable to such cases. The plaintiff in his complaint under the general rule must show a good title to that which he seeks to recover, and if he fails in this respect the defendant may demur, move in arrest of judgment, or bring a writ of error. But the special rules require him, in an action for a penalty, to set forth every fact essential to show that his case is within the letter and spirit of the law by which it is given. He must plead with particularity so that the Court may clearly see, without the necessity of making any inference, implication or conjecture, that the unlawful act has been done or that the duty enjoined has been omitted by the defendant. No intendment will be made in his favor. He must succeed, if at all, upon the facts as he states them, and

not upon any deduction from them or any mere statement of a conclusion of law. Archbold Civ. Pl., 106, 109; 1 Chitty Bl., 372; 16 Enc. Pl. & Pr., 274, 275, 276; *Wright v. Wheeler,* 30 N. C., 184. While the distinction between actions at law and suits in equity and all feigned issues have been abolished, and there is now but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which is denominated a civil action (Const., Art. IV, sec. 1), and while new rules have been prescribed for determining the sufficiency of a pleading (The Code, sec. 231), one of which rules is that in the construction of a pleading for the purpose of determining its legal effect, its allegations shall be liberally construed with a view of substantial justice between the parties (Code, sec. 260), all this does not mean that the Court shall supply necessary allegations, nor was it intended to repeal those rules of pleading so essential to producing certainty of statement and consequently a determinate issue between the parties, for The Code provides that the complaint shall, in actions in the Superior Court, contain "a plain and concise statement of the facts constituting a cause of action," and in actions in justices' courts it shall state in a "plain and direct manner," the said facts, the latter being language no different in effect from that used in the case of pleadings in the higher court, but of equivalent import. However we may consider it, the law requires in every court that the pleadings shall state the facts, and all the facts, which are necessary to constitute a good cause of action, plainly and concisely. I do not see that this varies substantially the rule of the common law, or, what was sometimes called, the rule of special pleading. The two systems are in this respect essentially the same.

The plaintiff sues in what is termed a "popular action," not so called because such actions meet with popular favor or approval, but deriving its name solely from the peculiar fact

that it can be brought by anybody who is willing to inform against the defendant and who is therefore denominated a common informer or prosecutor. Blackstone defines it as an action for a statutory penalty or forfeiture, given to any such person or persons as will sue for it; an action given, in England, to any of the King's subjects (3 Bl. Com., 151) and, in this country, to the *people* in general. The recovery may go to the informer, or if the action to *qui tam,* that is, one in which the plaintiff sues for the State as well as for himself, it is divided as the law may direct.

Having acquainted ourselves with the nature of the action and applying the foregoing principles to this case, let us see if the plaintiff has brought it within the statute so as to become entitled, as a common informer, to the penalty he seeks to recover. I think he has not. Section 754 applies only to cases where the account is for services rendered, and, even if a verified statement is required as to disbursements, it refers to such as have been made by the claimant. There are many kinds of accounts filed with the commissioners upon which claims for payment are based, and the glaring defect in the complaint is that it is not stated therein that the account alleged to have been audited without being itemized or verified was either for services or for disbursements. Mr. Laws may have had some other kind of claim against the county, which is not included in the terms of the statute, but whether he had or not the law will not require the penalty of the defendant unless we can see clearly that he has violated its mandate. There is not even room enough in this complaint for a reasonable conjecture as to the truth of the matter. The defendant is not liable to the plaintiff, unless the board has failed to require an account for services to be itemized and verified or an account for disbursements to be itemized. This is according to the letter, and, as far as we can see, also according to the spirit and intent of the statute. The plaintiff has failed to

allege that the account was for services or disbursements, if
he can claim anything in respect to the latter for failure to
verify. It follows that his complaint is defective in that "it
does not set forth specially the facts upon which the plaintiff
relies to constitute the offense, and it has not that certainty on·
its face as will enable the Court to see what has been omitted."
*Nash, J.,* in *Wright v. Wheeler, supra.* For anything that
appears in the complaint, the defendant may have done a
perfectly lawful act. In this case the facts are surely not
stated with any more certainty and precision than were the
facts in the case last cited, and they were held to be insuffi-
cient to warrant a recovery for the penalty claimed.

It has been said in a case where a statute similar to ours
was construed, and in which the plaintiff sought to recover a
penalty, that "the main office of a complaint being to apprise
the defendant of the facts upon which the plaintiff relies to
establish a cause of action, The Code (of New York) requires
that such facts shall be stated plainly and precisely; and in-
asmuch as this action is highly penal in its nature, there was
special reason why in this particular instance the rules of
pleading should not have been relaxed." *Steuben v. Wood,*
24 App. Div. (N. Y.), 442. This language fits our case,
even applying the liberal rules of pleading under The Code.

I have not adverted to the fact that the complaint charges
that the defendant McKee individually failed to require an
itemized and verified account, whereas the statute requires
that duty of the board as a corporate body or distinct entity,
and not of the individual members. The latter must act
together as a unit. This is certainly not good pleading.
Whether, the duty being single, its omission is therefore a
single offense, for which only a single penalty can be exacted,
is a question I need not consider at present, though it will be
one well worthy of serious consideration when we are required

to decide it. There are also other important questions involved which I need not now discuss.

The plaintiff was given an opportunity to amend his complaint, but preferred to stand upon his rights as fixed by the present state of the pleadings. The complaint being defective, I can see no error in the ruling of the Court by which the demurrer was sustained.

CONNOR, J., dissenting. Recognizing fully the liberality with which under our Code system pleadings are construed "in furtherance of justice" and advancement of the remedy, I cannot concur in the conclusion reached by the Court in this case. I cannot think that it was ever contemplated by the authors of The Code system that a party may maintain an action, not knowing or, if knowing, refusing to inform the Court of the facts upon which his alleged grievance is based. Either the plaintiff is "fishing" for a cause of action, or he is trifling with the Court in bringing the action as he does and refusing to comply with the most reasonable, and, I think, strictly legal, demand that he state "in a plain and direct manner the facts constituting the cause of action." Rule 3, Justices' Courts, The Code, sec. 840. The records of the commissioners, including "the books and papers of the board," are "free to the examination of all persons." The Code, sec. 712. The plaintiff before beginning his action could have found, by a few moments examination, "filed in alphabetical, or other due order, all accounts presented or acted on by the board, * * * the amount allowed and the charges for which it was allowed." *Ibid.* In the light of these plain provisions of the law certainly there can be no good reason for further relaxing the rules and elementary principles of pleading, requiring the plaintiff to state "in a plain and direct manner the facts constituting his cause of action." This Court has repeatedly held that it was necessary to do so, and has *ex mero*

*motu*, upon an inspection of the entire record, arrested judgment for failure to comply with the rule. In *Scroter v. Harrington*, 8 N. C., 192, *Henderson, J.*, said: "That the defendant may be informed of the nature of the charge against him, the law requires that the facts constituting it should be stated with precision." I cannot perceive any substantial difference between stating facts "with precision" and in a "plain and direct manner." In conclusion, it is said: "These proceedings, it is true, originated before a justice of the peace and as to matters of form are not to be critically scrutinized; yet matters of substance ought not, and cannot, be overlooked." In *Wright v. Wheeler*, 30 N. C., 184, *Nash, J.*, said: "It is a principle of pleading that the declaration must set forth a good title to that which is sought to be recovered; if it does not, the defendant may demur or move in arrest of judgment or bring a writ of error. In an action upon a statute to recover a penalty, the plaintiff must set forth in his declaration every fact which is necessary to inform the Court that his case is within the statute; and it is laid down by *Mr. Chitty* in his treatise on pleading, 1 Vol., 405, that it is necessary in all cases that the offense or act charged to have been committed or omitted by the defendant appear to have been within the provisions of the statute, and that *all the circumstances necessary to sustain the action must be alleged.*" (The italics in the original opinion). Again, it is said: "The declaration must have sufficient certainty on its face to enable the Court to know what has been done. Facts are to be stated, not inferences or matters of law; nor will the conclusion *contra forman statuti* aid the omission." The Court arrested the judgment *ex mero motu*.

In *Drake v. McMinn*, 27 N. C., 639, *Nash J.*, concluding the opinion, says: "We have nothing to do with the motives of the plaintiff in instituting these proceedings. He appears before us as a public informer, seeking to enforce against the

defendant a forfeiture incurred by the violation of the law. He must be prepared to show by his evidence that, by law, he has a right to demand and receive the money forfeited. We think that he has not done this, that there is in his declaration a defect fatal to his claim and that his judgment must be arrested." In *Hardwick v. Telegraph Co.,* 70 Vt., 180, the Court said: "As the statute does not prescribe the form of action, the declaration should set forth with particularity the facts upon which the plaintiff relies to constitute the offense" —saying in regard to the complaint, "It is not within the rule of certainty to a certain intent in general," and is bad on special demurrer. In *Bigelow v. Johnson,* 13 *Johns.,* 428, it is said: "It is a well-settled rule that in declaring for offenses against penal statutes (where no form is expressly given) the plaintiff is bound to set forth specially the facts on which he relies to constitute the offense." It was formally held that the declaration must refer to the statute, but "Under the more liberal rules of modern times the tendency is to consider counting upon the statute when the action is strictly penal as a mere formal matter and unnecessary." 16 Enc. Pl. & Prac., 274. "It is necessary in all cases that the offense or act charged to have been committed or omitted by the defendant appear to have been within the provisions of the statute and that all the circumstances necessary to sustain the action be alleged." *Ib.,* 275. To the suggestion that a different rule prevails under The Code it may be noted that the Supreme Court of New York, construing the section of The Code, of which ours is an exact copy, said: "The main office of a complaint being to apprise the defendant of the facts upon which the plaintiff relies to establish a cause of action. The Code requires that such facts shall be stated plainly and concisely; and inasmuch as this action is highly penal in its nature, there was especial reason why in this particular instance the rules of pleading should not have been relaxed."

*Steuben Co. v. Wood,* 24 N. Y. Apps., p. 442. "General allegations are always insufficient and no material fact may be left to conjecture or inference." Enc. Pl. & Pr., 276 "When jurisdiction over action to recover penalties is granted to justices of the peace or other inferior courts, the usual manner of proceeding is not thereby changed." *Ibid.*

Applying these well-established rules, so essential both to orderly procedure and to the protection of the citizen against harassing and expensive litigation, I think the complaint fatally defective. No account, either by number, date, or amount is named. The complaint is: "For his failure to require an itemized account, fully verified by the oath of Mr. John Laws, before he audited and approved said account.' The words "said account" must refer to some account theretofore named or in some manner designated, but none is named or designated. It is said, "the defendant must have known what was meant here and that he was sued for a penalty," etc. It is further said that "the magistrate understood exactly what the action was for and thus clearly states it in his return." As the learned *Chief Justice,* writing for the Court, makes this statement of fact, I must assume that it is correct, but I must, with all possible deference, say that I can account for it only upon the theory that their mental vision measures up to the standard fixed by Samuel Weller respecting the kind of eyes by which he was expected to see "thro' a flight o' stairs and a deal door." I must confess that I am unable to exactly understand what the plaintiff means. Without call ing "in aid" the power to read the mind of the plaintiff, I am unable to see what his grievance is. Whether it was that the defendant audited an account presented by some one else not fully verified by Mr. John Laws, or whether Mr. Laws had presented an account not itemized and fully verified does not very clearly appear to my mind, and I am not surprised that a layman should have respectfully asked that the plaintiff

TURNER *v.* McKEE.

"in a plain and direct manner" inform him just how he became indebted to him," etc. This was, in my opinion, his legal right without regard to the wisdom of the statute or the fact that as a county commissioner he was under the supervision of the grand jury and the solicitor, with the additional safeguard of being subject to a *qui tam* action by the plaintiff. While by taking upon himself the burdens and duties of a county commissioner the defendant becomes liable to an action or indictment for acts of misfeasance and nonfeasance, I do not understand that he forfeits any of his legal rights as a citizen or becomes liable to be prosecuted otherwise than according to the due course of the law and procedure. In demurring he simply exercises a legal right, and I cannot see why he may not do so without subjecting himself to criticism.

The suggestion that the defendant should have answered, either admitting or denying the charge, assumes the very question in controversy that there is no charge he was called upon to answer. He has a right to demand, before he is required to "admit or deny" anything, that the complaint contain, not formal or technical language, but a "plain and direct statement of the facts." Our laws, both substantive and remedial, are the expressions of the minds and experience of a plain people, using plain and direct language to express plain thoughts. They are not intended to encourage a game of hide-and-seek in the courts. If one will call his neighbor into the courts, let him do so in a manner and with speech that may be understood by plain men. It is suggested that the defendants should not have demurred, but joined issue and "gone to the country." This again assumes the very question in issue. The issues arise upon the pleadings, and if these raise no issue the finding of which will enable the Court to proceed to judgment, the parties and the Court will at the end of the trial have performed the proverbially useless feat of coming out where they went in, or of moving around

in a circle.    Let us suppose the jury had found every word of the complaint true, how much nearer would the Court be to "a plain and direct statement of the facts constituting the cause of action?"    It is the purpose of the demurrer to prevent this result.    The exact point has been decided by the Supreme Court of New York.    In *Cortland v. Howard,* 1 N. Y. App. Div., 131, *Parker,* C. J., said: "There seems to be no provision in a justice's court for moving to make a complaint more definite and certain.    If it is not sufficiently explicit to be understood, and by that is meant sufficiently explicit to fairly inform defendant upon what the cause of action is based, his remedy is by demurrer.    This remedy the defendant took in this case and we think he was entitled to it."    The defendant was under no obligation to ask for a bill of particulars.    This right is given the defendant for his benefit and not to aid a defective complaint.    It is very doubtful whether section 259 applies to justices' courts.    Rule 11 expressly provides: "Either party may demur to the pleading of his adversary or any part thereof when it is not sufficiently explicit as to enable him to understand it, or contains no cause of action or defense, although it be taken as true."    Rule 12 prescribes the duty of the justice upon hearing the demurrer. Reasonable certainty in the statement of the cause of action is required not only to enable the defendant to answer intelligently, but to protect him from being a second time vexed with litigation for the same matter.    It is said that the defendant should plead and submit his cause to the jury.    I am unable to see what question would be submitted to the jury.    The record will show whether the account set out or specified in the complaint was audited.    The Court will find as a conclusion of law whether it is itemized and verified as required by the statute.    Why should not the plaintiff be required to give the Court such information as will enable it upon demurrer to render judgment?    Before the adoption of The Code the ac-

tion for the recovery of a penalty was in *debt.* "The pleader should in this connection by apt, connected and substantial averments disclose the right of action. The pleading must be definite and certain, and should studiously avoid all tendency towards looseness in presenting the facts upon which the right of recovery is based." 5 Enc. P. & P., 918. This pertains to a substantial legal right. Let us suppose that plaintiff has judgment upon his complaint and immediately sues the defendant complaining in exactly the same language. How could the defendant maintain a plea of *res judicata?* He has been in office we may presume for two years. Hundreds of accounts have been audited by the board. Why may not the plaintiff continue to sue indefinitely, or so long as the estate of the defendant is able to respond to the execution sued out? Any system of pleading and procedure, either civil or criminal, which permits the process of the Court to be used oppressively, either to the citizen or the officer, should be amended, or if beyond the power of amendment, abolished. This Court has wisely said: "An informer has no natural right to the penalty but only such right as is given by the strict letter of the law." *Douglas, J.,* in *Dyer v. Ellington,* 126 N. C., 941. General warrants have not been favorites with our people. They savor of inquisition and oppression. I find no authority for relaxing the rules which in their wisdom the sages of the law have laid down for the protection of the citizen against vexations litigation and oppressive prosecutions. The record shows that the plaintiff has prosecuted to this Court three suits against the commissioners. I can see no reason, if permitted to proceed as in this case, why he may not prosecute as many hundred and take chances of finding among the records enough accounts not duly itemized and verified to make his venture profitable and ruin the commissioners. Simplicity in the law is sometimes obtained at too high a price, even to the destruction of the safeguards of the citizen. I may be

unduly sensitive in such cases, but I am sure that no injustice or harm or even delay can come to the State or its citizens by requiring informers to "state in a plain and direct manner the facts constituting their cause of action," or, in the language of *Chief Justice Henderson,* "with precision." I respectfully but firmly dissent from the conclusion reached by the Court. I think that the judgment of his Honor should be affirmed.