WALKER AND CONNOR, JJ., dissenting.
The Code, sec. 754, provides that "No account shall be audited by the board (of county commissioners) for any services or disbursements, unless it is first made out in items and has attached to and filed with it the affidavit of the claimant that the services therein charged have been in fact made and rendered, and that no part thereof has been paid or satisfied."
This is a very explicit and very wise provision of the lawmaking power. It is of the highest importance to the public that this requirement should always and everywhere be strictly observed. The lawmakers were so fully persuaded of the necessity of county (252) commissioners observing this and similar provisions, that it is further provided by The Code, sec. 711, that "Any commissioner who shall neglect to perform any duty required of him by law as a member of the board shall be guilty of a misdemeanor and shall also be liable to a penalty of $200 for each offense, to be paid to any person who shall sue for the same."
Not satisfied with placing the county commissioners under the supervision of the grand jury and solicitor, the Legislature added a quitam action, thus making it to the special as well as general interest of any citizen to see that the duties imposed upon the commissioners are faithfully executed. The plaintiff accordingly brought this action against one of the county commissioners before a justice of the peace "for the penalty of $200 accrued under section 711 of The Code of North Carolina for neglect of duty required of him as a member of the board of commissioners for failing to require an itemized and verified account to be filed by John Laws before auditing the said account, as required by section 754 of The Code." This was stated in the summons. In his return to the appeal the justice stated: "The plaintiff *Page 196 
complained of nonpayment of $200 due by reason of the penalty accrued under section 711 of The Code for his neglect of duty as a member of the Board of Commissioners of Orange County, for his failure to require an itemized account, fully verified by the oath of John Laws, before he audited and approved said account, as required by section 754 of The Code. The defendant demurs to the complaint in this action for that the plaintiff in said complaint does not state facts sufficient to constitute a cause of action, in that it fails to show what accounts, if any, the defendant is liable to the plaintiff for the penalty sued for," (253) and the justice of the peace added that he dismissed the action at the plaintiff's cost.
On appeal, the judge "sustained the demurrer and (there being no amendment asked) affirmed the judgment of the justice of the peace dismissing the action." This was error. The Code, sec. 840, Rule 5, provides, as to proceedings in the justice's court: "Pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is meant." The allegation of "neglect of duty in failing to require" an itemized and verified account is a charge of negligently failing to do so. The statutes (sections 754 and 711) are also referred to in stating the cause of action.
The defendant certainly must have known what was meant here, and that he was sued for "a penalty of $200 under section 711 of The Code for neglect of duty as a member of the Board of Commissioners of Orange County for his failure to require an itemized account, fully verified by the oath of John Laws, before he audited and approved said account, as required by section 754 of The Code." The magistrate understood exactly what the action was for, and thus clearly states it in his return. It is impossible that the defendant and his counsel did not understand it. The defendant, a public officer, thus clearly charged with a failure to discharge a public duty, should have answered, either admitting or denying the charge, or setting up his defense. In Statonv. Wimberly, 122 N.C. 107, the Court said that the statute imposing the duty, whose violation was there alleged, "allows some discretion in the board of commissioners by the express terms of the statute," and that the evidence failed to show any abuse of that discretion. The Code, sec. 754, does not confer any discretion, but is mandatory in requiring the account to be itemized and sworn. Whatever defense the defendant has must appear by the answer and on the trial. There 254) has been no such failure to state a cause of action as to justify a dismissal of the action.
It does not appear that there was more than one account audited in favor of John Laws, and if there had been, the plaintiff could have made out his allegation upon the trial by showing any one account or all of *Page 197 
the accounts of John Laws, which had been audited without being itemized and verified as required by the statute — other than those whose illegal auditing was protected by the statute of limitations, if pleaded. If the defendant desired fuller information before pleading, he should not have demurred, but have asked for a bill of particulars. "The court may in all cases order a bill of particulars" (The Code, sec. 259), and even in criminal cases, S. v. Brady, 107 N.C. 882. See cases cited in Clark's Code (3 Ed.), p. 274. But here the defendant was even better informed than the plaintiff. It was plain to the defendant "what was meant" by the proceeding, and he needed no further information to set up his defense.
An indictment of a public officer for neglect of duty, not more explicit than here, was sustained in S. v. Dickson, 124 N.C. 871. In S. v.Hatch, 116 N.C. 1003, it was held that "Carelessness amounting to a willful want of care in the discharge of official duties" justified a verdict of guilty even under section 1090 of The Code, and that honesty and good intent are not a full defense, because there may be neglect of duty without any corruption in office. This has been cited with approval inStanly v. Baird, 118 N.C. 83; Sanders v. Earp, 118 N.C. 279; S. v.Oswalt, 118 N.C. 1213; 32 L.R.A., 396; S. v. Deyton, 119 N.C. 882;Staton v. Wimberly, 122 N.C. 110; S. v. Dickson, 124 N.C. 874. We are not anticipating any defense the defendant may set up, but merely hold that a sufficient cause of action has been stated under The Code, secs. 754 and 711, when the facts herein alleged are admitted by a demurrer, especially when the pleading was in a court of a justice of the peace, and no repleading was ordered on the (255) hearing of the appeal in the Superior Court.
The judgment dismissing the action must be reversed. The demurrer should be overruled, with leave to the defendant to answer over. The Code, sec. 272.
Reversed.