STATE v. LEROY TERRY.

*Concealed   Weapons.*

1. One who is in the occupation of land as a tenant, even at will or by sufferance, or an agent or overseer, or any one else who is vested with the right of dominion, is the owner of land within the meaning of the statute against carrying concealed weapons.

2. A mere servant or hireling who is found with a concealed weapon on the premises of his employer, is not on his own premises, and is guilty under the act.

INDICTMENT for carrying a concealed weapon, tried before *Clark, Judge,* and a jury, at August Term, 1885, of the Superior Court of JOHNSTON county.

The evidence was, that the defendant was hired by the prosecutor, for a certain purpose, namely, to tend and cultivate the lands of the prosecutor; that the defendant slept and lived at his father's house, about a mile distant from the residence of the prosecutor; that the defendant, on the day in question, was in a field of the prosecutor, engaged in work which he had been employed to do by the prosecutor; that on the prosecutor's remonstrating with him about the neglect of his work, the defendant became angry, used insulting language, drew a pistol from the inside pocket of his coat, which was lying on a stump in the field, and made threats against the prosecutor, and walked off with the pistol in his hand.   The defendant's father's house was on another, but adjoining tract of land, belonging also to the prosecutor, and the defendant, in going from his father's house, his sleeping place, need not pass over any land, except that of the prosecutor.

The defendant asked his Honor to charge the jury, that being a servant of the prosecutor, and on the prosecutor's land at the time he was seen with the pistol, and there being no evidence that he had that day been off the prosecutor's land with the pistol, the defendant was not guilty.   His Honor refused to give the charge, and the defendant excepted.   There was a verdict of

guilty, and a rule for a new trial.    The rule was discharged, and the defendant appealed.

*Attorney General*, for the State.
No counsel for the defendant.

ASHE, J. (after stating the facts).    The case falls clearly within the inhibition of the statute.    The statute forbids any person from carrying concealed weapons, except when on his own premises. The word " premises" here is evidently used as synonymous with land, for the statute proceeds to declare, if any one not being on his own lands, shall have about his person any such deadly weapon, such possession shall be *prima facie* evidence of the concealment thereof, that is, one may carry a weapon concealed about his person, while on his own land, but when he goes off his own upon that of another, and is seen with or is known to have a deadly weapon, as is described in the statute, the bare possession of the weapon is *prima facie* evidence of the concealment. What is meant by *his own premises* and *his own land*, is not that he must have a legal title to the land, for, we think, one who is in the occupation of land as a tenant at will or at sufferance, would, in the meaning of the statute, be the owner thereof.    So would an agent or an overseer, or any one who is vested with the right of dominion or superintendence over it.

But we cannot see how one who is a mere servant, can in any sense of the term be said to be the owner of the land, or to be on his own premises, when he is simply employed as a laborer.    He has no interest in the land and no dominion over it.

The defendant, then, not being on his own land, is at work as a hireling on the land of the prosecutor—and when remonstrated with for some negligence in his work, flies into a passion, draws a pistol from the inside pocket of his coat, which he had placed upon a stump, and with it, threatened his employer.    It is to be presumed that he carried the pistol with him into the field, and probably with the very purpose of using it, in the event of a

difficulty with his employer.   It is to be presumed that he wore his coat to the field.   If any one carried it there for him, or if the pistol was so carried in the coat pocket as to be open to view, and not concealed, it was easy to be proved by his own testimony; but he offered no testimony to rebut the *prima facie* case made out against him by the facts of the case, and he was properly convicted.   There is no error.   Let this be certified.

No error.                                                          Affirmed.