STATE v. ANDERSON.

(Filed November 5, 1901.)

CARRYING CONCEALED WEAPONS—*The Code, Sec. 1005.*

A private night watchman is not guilty of carrying a concealed weapon, under The Code, Sec. 1005, while on duty upon the premises he is employed to watch.

INDICTMENT against C. Anderson, heard by Judge *A. L. Coble* and a jury, at July Term, 1901, of the Superior

Court of RANDOLPH County. From a verdict of not guilty on a special verdict, the State appealed.

*Brown Shepherd,* for *R. D. Gilmer, Attorney-General,* for the State.

No counsel for the defendant.

FURCHES, C. J. This is an indictment for carrying concealed weapons, under section 1005 of The Code, in which the jury found the following special verdict: "That the defendant was an employee of the Randleman Manufacturing Company, as a night watchman, and on the 30th of March, 1901, was in discharge of his duty as such, and carried a pistol concealed about his person on the premises of the company." Upon this verdict, the Court held that the defendant was not guilty, and the State appealed.

The statute makes it a criminal offense to carry a pistol concealed about one's person, "except when on his own premises." "And if anyone, not being on his own land, shall have about his person any such deadly weapon, such possession shall be *prima facie* evidence of concealment thereof." So it is seen that the statute uses the word "premises" when it describes the offense, and the word "land" when it makes the fact of carrying the weapon *prima facie* evidence of concealment. But it is held in *State v. Perry,* 93 N. C., 585, that one in possession as "an agent or overseer, or anyone else who is vested with the right of dominion, is the owner within the meaning of the statute." This opinion seems to sustain the opinion and judgment of the Court below. And we do not think that the opinion in the case of *State v. Perry,* 120 N. C., 580, is in conflict with the definition given in *State v. Terry,* 93 N. C., 585, as above stated.

The judgment must be
Affirmed.