## STATE v. I. W. BRIDGERS.

(Filed 17 March, 1915.)

**Criminal Law—Concealed Weapons—"His Own Premises"—Interpretation of Statutes.**

A superintendent or overseer of a department of a cotton mill, in this case a carding room, is not, while therein, "on his premises," within the meaning of Revisal, sec. 3708, prohibiting the carrying of concealed weapons; and where such person has carried a pistol concealed on premises of this character, especially when he does so in anticipation of a difficulty with another employee therein, he is indictable for the offense prohibited by the statute.

APPEAL by defendant from *Peebles, J.,* at January Term, 1915, of LENOIR.

*Attorney-General for the State.*
*Rouse & Land for defendant.*

CLARK, C. J. The defendant was indicted for carrying a concealed weapon (a pistol) off his own premises. Revisal, 3708. The only question raised is whether the defendant, who was overseer or superintendent of the carding room of the cotton mills, was "on his own premises," within the meaning of the statute.

In *S. v. Perry*, 120 N. C., 580, it was held that the superintendent of a turnpike company is not, when on such turnpike, within the exception, although he was in absolute control of all the property of the company. The Court said: "The use of the words, 'on his own premises,' and being 'not on his own land,' shows an intention to restrict the right to carry concealed weapons to those who are in the privacy of their own premises, where they are not likely to be thrown in contact with the public nor tempted, on a sudden quarrel, to use to the detriment of others the great advantage a concealed weapon gives to one who unexpectedly pulls it out upon his defenseless neighbor." And the Court further said: "The statute clearly does not contemplate that in the crowded cars and thoroughfares the corporation officials shall have leave to carry concealed weapons about their persons, while all other citizens traveling thereon dare not do the same, under fear of criminal punishment."

*S. v. Terry,* 93 N. C., 585, and *S. v. Deyton,* 119 N. C., 880, hold that an employee who carries a concealed weapon on the premises of his employer is indictable. In *S. v. Terry* it was held that it is not necessary that the legal title to the land should be in the defendant, when he is in charge thereof as a tenant or as an overseer, acting as to the control, of the land in lieu and the stead of the owner.

In *S. v. Anderson,* 129 N. C., 521, it was held that a private night watchman while on duty upon the premises he is employed to watch is not liable under the statute. He is there in lieu of the owner of the premises and is carrying out the duty of protecting the premises just as the owner could do if present in person. That case holds that there is no conflict between *S. v. Terry* and *S. v. Perry,* both above quoted.

It is not necessary, in this case, to determine whether a superintendent of the mill who is in sole charge thereof would have the right to carry a concealed weapon, for this defendant merely had charge of one floor of the mill, the carding room, and was overseer thereof. To hold that one occupying that position was "on his own premises," within the meaning of the statute, would bring within the exception many persons in the same factory who might be overseers in different departments. The statute was intended to except only the owner, or the person who exercised dominion in his stead. Only such person could be said to be "on his own premises."

Rarely can an official of a corporation, unless a watchman, be said to be "on his own premises," within this statute, for he does not stand in the shoes of the owner for this purpose. Certainly neither the superintendent or conductor of a street car line nor the superintendent or conductor of a railroad would be authorized, unless commissioned as a policeman under the statute, to carry a concealed weapon. The fact that the defendant here concealed the pistol in his pocket in expectation of trouble with an employee shows that he proposed to take advantage of the concealment. As said in *S. v. Perry, supra,* this exception was intended for the owner in the privacy of his own property, and not to give any one an advantage over others with whom he is expecting a difficulty. It is because the advantage given by such concealment is a temptation to use the weapon that the statute forbids such concealment to others than the owner "on his own premises," except certain persons "when acting in the discharge of their official duties."

No error.